THE CITY OF BENTON POLICE DEPARTMENT *et al.*, Petitioners-Counterrespondents v. THE HUMAN RIGHTS COMMISSION *et al.*, Respondents (Paul Lampley, Respondent-Counterpetitioner).

Fifth District   No. 5—86—0160

Opinion filed September 8, 1986.

Gerald D. Owens, of Benton, for petitioners.

Neil F. Hartigan, Attorney General, of Springfield (Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

J. Lawrence Sanders, of James W. Sanders & Associates, of Marion, for respondent Paul Lampley.

JUSTICE KARNS delivered the opinion of the court:

The Human Rights Commission moves to dismiss the petitions for review of the city of Benton police department and the city of Benton pension board (collectively referred to as the city of Benton) and Paul Lampley on the basis that the petitions are untimely under Supreme

Court Rules 335(h) and 303(a) (103 Ill. 2d Rules 335(h), 303(a)). The city of Benton responds by asserting that its petition for direct appellate review was timely filed pursuant to amended section 8—111(A)(1) of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A)(1) (amended by Public Act 84—717, eff. Jan. 1, 1986)). Lampley responds by adopting the rationale of the Commission and asserts that the city of Benton's petition is untimely; however, he does not expressly concede the untimeliness of his own petition filed one day after that of the city of Benton.

The facts pertinent to the jurisdictional issue presented to this court are as follow. Lampley brought an action before the Commission alleging that the city of Benton discriminated against him on the basis of physical and mental handicaps. Pursuant to a final administrative decision entered on February 13, 1986, the Commission found in favor of Lampley and directed that the city of Benton reinstate him on its police force with back pay and with such benefits and seniority as would have accrued to him had he remained on the force. Moreover, the city of Benton was directed to cease and desist from discriminating against Lampley on the basis of his physical and mental handicaps and was directed to pay his reasonable attorney fees in the amount of $13,864. In addition, the Commission ruled against Lampley with respect to money he would have received as a uniform allowance during the time he was absent from the police force. The Commission also ruled that it was appropriate to set off the amount of money received by Lampley as disability payments during the relevant period in question from the overall award for back pay. Finally, the Commission rejected Lampley's contention that the amount of attorney fees awarded was inadequate.

The city of Benton sought direct administrative review of this decision by filing with this court a petition for review pursuant to Supreme Court Rule 335 and section 8—111(A)(1) of the Illinois Human Rights Act. The petition was received and filed by the clerk of this court on March 20, 35 days after entry of the decision. Lampley, as counterpetitioner, filed a petition for review from those portions of the administrative decision not in his favor. This petition was received and filed by this office on March 21; however, because it was postmarked on March 20, this date would serve as the constructive date of filing pursuant to Supreme Court Rule 373 (103 Ill. 2d R. 373), assuming, of course, that the applicable appeal period is 35 days.

The Commission moves to dismiss the petitions for review as untimely under Supreme Court Rules 335(h) and 303(a). Paragraph (h) from Supreme Court Rule 335 provides in pertinent part:

"(1) Insofar as appropriate, the provisions of Rules 301 through 373 (except for the Rules 321 through 326) are applicable to proceedings under this rule. ***

(2) Sections 3—101, 3—108(c), 3—109, 3—110, and 3—111 of the Code of Civil Procedure are applicable to proceedings to review orders of the agency."

It is the Commission's position that the language under subparagraph (1) expresses an intention on the part of the supreme court to apply the 30-day appeal period as set forth under Supreme Court Rule 303(a) to cases of direct administrative review of final agency decisions. As the 30-day period following entry of the February 13 administrative decision expired on Saturday, March 15, the appeal period was extended to Monday, March 17. The Commission therefore contends that the petitions for review are untimely as filed.

In response to the motion to dismiss, the city of Benton contends that the applicable appeal period is governed by section 8—111(A)(1) of the amended Act, which in turn makes reference to section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103). Section 8—111(A)(1) states as follows:

"Any complainant or respondent may apply for and obtain judicial review of an order of the Commission entered under this Act in accordance with the provisions of the Administrative Review Law, as amended."

Section 3—103 states in pertinent part as follows:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

The city of Benton therefore argues that its petition for review filed on March 20, 35 days after entry of the final agency decision, is timely and properly vests this court with jurisdiction.

Lampley in his response to the motion to dismiss essentially adopts the analysis of the Commission and asserts that the petition of the city of Benton is untimely. With respect to his own petition, he makes reference to Supreme Court Rule 303(a)(3), which provides that a party may file a cross-appeal within 10 days after service of the notice of appeal or within 30 days after entry of the order disposing of the last pending post-trial motion, whichever is later. This reliance assumes that his petition is in the nature of a cross-appeal under Supreme Court Rule 303(a)(3). This court need not independently address the timeliness of Lampley's petition, however, because its

timeliness is dependent on the city of Benton's petition. If the latter petition is untimely, so too is Lampley's, filed one day later. If there is no timely petition pending by the city of Benton, then logically Lampley could not be in the position of a cross-petitioner and could not rely on Supreme Court Rule 303(a)(3).

The Commission has filed a motion seeking leave to reply to the response of the city of Benton to its motion to dismiss. We grant leave and will consider the Commission's reply. In its reply, the Commission contends for a variety of reasons that section 3—103 does not apply to proceedings on direct administrative review. Initially, the Commission notes that the language in this section is addressed to proceedings in the trial court and therefore cannot be interpreted as applying to proceedings on direct administrative review. Moreover, the Commission notes that reference to this section is conspicuously absent from subparagraph (h)(2) of Supreme Court Rule 335, which expressly provides that sections 3—101, 3—108(c), 3—109, 3—110 and 3—111 of the Administrative Review Law govern proceedings on direct administrative review. Next, the Commission contends that were section 3—103 controlling on direct administrative review, it would be in violation of article VI, section 16, of the Illinois Constitution of 1970, which requires that the supreme court shall have constitutional authority to provide by rule for expeditious appeals. The Commission finally contends that because the Illinois Human Rights Act does not provide for a specific period for filing a petition for administrative review and its amendment occurred after the promulgation of Supreme Court Rule 335, there was no legislative need to provide for a specific time limitation for filing a petition for review. Therefore, according to the Commission, if the legislature intended a different filing period other than the 30-day period provided in Supreme Court Rule 335, then it should have acted accordingly.

By way of an alternative response to the motion to dismiss, the city of Benton requests that its petition for administrative review be filed *instanter*, if it is regarded as untimely.

In reply to the city of Benton's alternative response to the motion to dismiss, Lampley argues that the motion for leave to file the petition for administrative review *instanter* is untimely under Supreme Court Rule 303(e), which requires that a request for a late notice of appeal be filed within 30 days of the expiration of the original due date. According to Lampley, the 30-day, safety-valve period under Supreme Court Rule 303(e) expired before the alternative response was filed with this court.

The issue of this court's jurisdiction over the instant proceedings

on direct administrative review hinges not on whether section 3—103 of the Administrative Review Law is controlling *per se* with regard to the period within which to file a petition for review but, rather, whether the applicable appeal period is ultimately determined by the supreme court or the legislature. Under the Commission's interpretation of Supreme Court Rule 335, such a determination is within the province of the supreme court, which has expressly fixed this period through subparagraph (h)(1) of the rule. As noted, this subparagraph specifies that Supreme Court Rules 301 through 373, with certain exceptions not pertinent here, are applicable to proceedings on direct administrative review "[i]nsofar as appropriate." The Commission contends that this subparagraph mandates that the 30-day appeal period under Supreme Court Rule 303(a) is applicable to proceedings on direct administrative review.

■■ The conclusion reached by the Commission is not without logic and appears to find support in the rule; nevertheless, it is flawed in certain important respects. The first flaw concerns the undue emphasis the Commission places on the language "[i]nsofar as appropriate" as a basis for applying the 30-day appeal period under Supreme Court Rule 303(a). This language is ambiguous at best and does not equate with such words as "must" or "shall," which are generally regarded as mandatory in nature. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) Consequently, this language cannot be taken as a mandate for applying the 30-day appeal period under Supreme Court Rule 303(a) to proceedings on direct administrative review.

■■ Another flaw in the Commission's argument is that its analysis of Supreme Court Rule 335 is conducted in a vacuum without regard to other rules governing appeals from interlocutory orders or final judgments. In attempting to analyze the supreme court's intent with respect to the language "[i]nsofar as appropriate," it is instructive to note that disparate treatment is afforded Supreme Court Rule 335 as compared with Supreme Court Rules 303, 304, 306, 307, 308, 604 and 606 with respect to the creation of the right to appeal and the time within which to exercise that right. Under these latter rules, the right to appeal or to seek leave to appeal is expressly conferred by the supreme court. In contrast, under Supreme Court Rule 335, the supreme court regulates direct administrative review of final orders while recognizing that it is the province of the legislature to determine which final agency decisions will be subject to direct appellate review. This recognition is reflected in the first sentence of the rule, which provides: "The procedure for a *statutory* direct review of orders of an administrative agency by the appellate court shall be as fol-

lows ***." (Emphasis added.) The Committee Comments regard this legislative prerogative for providing for direct administrative review as being authorized under article VI, section 6, of the Illinois Constitution of 1970. Although the Committee Comments indicate that decisions of the Pollution Control Board were the first to become subject to direct administrative review pursuant to section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1041), the list of administrative-agency decisions subject to direct administrative review has been subsequently expanded to include decisions of the State Board of Elections (Ill. Rev. Stat. 1985, ch. 46, par. 9—22(1)); the Educational Labor Relations Board (Ill. Rev. Stat. 1985, ch. 48, par. 1716(a)); the Public Labor Relations Board (Ill. Rev. Stat. 1985, ch. 48, par. 1611(e)); and the Illinois Commerce Commission (Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(a)).

The disparate treatment accorded Supreme Court Rule 335 evinces a decision by the supreme court to defer to the legislature in the very limited area of the specification of the time for commencing direct administrative review of final decisions of legislatively created administrative bodies. The position of the supreme court, evidenced by its Rule 335(h), reflects its intention to defer to the decisions of the legislature in fixing the time for commencing direct administrative review at 35 days, as is done by section 3—103 of the Administrative Review Law. This approach has the salutary effect of harmonizing the time for commencing direct review of administrative decisions by the appellate court with the time for commencing administrative review in the circuit court, a procedure that still pertains with regard to the review of decisions of a large number of administrative agencies. The Committee Comments indicate that this limited deference with respect to rule-making authority finds constitutional support under article VI, section 6, of the Illinois Constitution of 1970 and therefore does not constitute a violation of separation of powers. This is not to suggest, however, that the courts are powerless to prevent the legislature from acting in an arbitrary and capricious manner with respect to the creation of the right of direct administrative review. This court is not confronted with such a situation under the facts presented here.

The parties have not cited a case directly touching upon the jurisdictional issue before this court. However, the case of *Getty Fuels v. Pollution Control Board* (1982), 104 Ill. App. 3d 285, 432 N.E.2d 942, is instructive on this issue. In *Getty*, petitioner sought review of a final decision of the Pollution Control Board with respect to the reference point for testing or applying emission-limitation standards. The

final order was entered on March 19, 1981. On April 21 petitioner inadvertently filed a notice of appeal with the clerk of the Pollution Control Board instead of filing a petition for review as required by section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1041). Thereafter, on May 4, some 46 days after entry of the final agency decision, petitioner filed a petition for review in the appellate court. The Environmental Protection Agency moved to dismiss the petition as untimely and because it failed to name the Pollution Control Board as a party respondent. On May 19 petitioner moved to amend the notice of appeal to include the Pollution Control Board as a party respondent and for leave to file the petition for review *instanter* pursuant to Supreme Court Rule 303(e) (65 Ill. 2d R. 303(e)). The issue presented to the appellate court was whether or not petitioner could rely on Supreme Court Rule 303(e) to extend the time for filing the petition for review. Before it could apply the provisions of Supreme Court Rule 303(e), which requires that a motion for leave to file late notice of appeal be filed within 30 days after the expiration of the original appeal period, the court had to determine when the original appeal period had expired. It looked to section 41 of the Environmental Protection Act, which provides that the petition for review must be filed in the appellate court within 35 days after entry of the order or other final action. The court did not challenge the 35-day period as set forth in the statute, unlike the Commission in the instant proceeding. While the court did hold that the safety-valve period under Supreme Court Rule 303(e) was applicable to proceedings under direct administrative review pursuant to the language in subparagraph (h)(1), it used the period set forth under section 41 of the Environmental Protection Act as the base period for calculating the timeliness of the motion for leave to file the petition for review *instanter*. In essence, the court acknowledged the authority of the legislature to determine the period within which the petition for review must be filed, yet at the same time found it appropriate to resort to Supreme Court Rule 303(e) in determining the propriety of filing a motion for leave to file a late petition for review in the absence of any legislative pronouncement as to that matter.

In recognizing the authority of the legislature to fix the appropriate time within which to file a petition for review, it is apparent here that the petition of the city of Benton and the counterpetition of Lampley are timely filed. Section 8—111(A)(1) provides that an appeal from a decision of the Human Rights Commission shall be in accordance with the provisions of the Administrative Review Law. That appeal period is 35 days according to section 3—103 of the Administra-

tive Review Law. Because the petitions were filed within this period in reference to the February 13 administrative decision, this court possesses sufficient jurisdiction to entertain both petitions.

For the above stated reasons, this court is vested with jurisdiction for the purpose of direct administrative review. Consequently, the Commission's motion to dismiss the appeal is hereby denied.

Motion to dismiss appeal denied.

KASSERMAN, P.J., and JONES, J., concur.