RICHARD BOLIN, Plaintiff and Counterdefendant-Appellant, v. LOREN SOSAMON, Defendant and Counterplaintiff-Appellee.

Fourth District   No. 4—88—0645

Opinion filed March 31, 1989.

John L. Wright, Jr., of Fint, Wright & Associates, Ltd., of Bloomington, for appellant.

Joseph B. Taylor, of Clinton, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Richard Bolin, plaintiff, appeals from the order of the circuit court of De Witt County awarding defendant Loren Sosamon a judgment in the amount of $1,037.63. Plaintiff initiated this action by filing a small claims complaint on December 8, 1987. By his complaint, plaintiff sought to recover $325 for damage to food stored in a freezer caused by defendant shutting off the electric power to the house in which plaintiff resided.

On February 3, 1988, defendant, by his attorney, filed an answer and a countercomplaint. In the countercomplaint, defendant sought to recover damages caused by plaintiff failing to pay rent, failing to pay for utilities, and for striking defendant in the head with a shovel.

On March 22, 1988, plaintiff, now represented by attorneys, filed a motion for a continuance of the hearing in this matter. The hearing was reset for May 4, 1988. However, on April 4, 1988, plaintiff filed a motion for substitution of judge. This motion was allowed, and the cause was set to be heard on June 14, 1988.

On June 13, 1988, plaintiff filed three motions: (1) a motion for a continuance; (2) a motion to dismiss the countercomplaint; and (3) a motion to amend the complaint. Attached to the motion to file an amended complaint was the document which plaintiff proposed to file. The amended complaint is in two counts, count I being an action for tortious conversion arising out of the contractual relationship of the parties, and count II alleging the same acts of defendant as being wilful, wanton, intentional, and malicious. By this amended complaint, plaintiff would demand damages in excess of $15,000, elevating the cause from the small claims division to the law division. Count II also requested punitive damages.

On June 14, plaintiff appeared by counsel and defendant appeared personally and by counsel and a hearing was had on plaintiff's motions. Each and every one of plaintiff's motions was denied, and plaintiff declined to present evidence upon the complaint. After taking a voluntary nonsuit as to the claim for personal injuries, defendant presented evidence in support of the breach of contract claims in the countercomplaint. On June 17, 1988, a written judgment order was entered by the trial court awarding defendant $1,037.63.

On July 15, 1988, plaintiff filed a request for leave of court to file post-trial motions, with the post-trial motion attached. At that time, however, the only judge available to consider the motion was the judge who had previously been removed from the case, and no other judge would be available in the county to consider the petition

prior to July 20, 1988, according to the affidavit of plaintiff's counsel filed in the record. On July 22, plaintiff's request for leave to file post-trial motion was granted. On August 30, 1988, plaintiff's motions to vacate judgment and for rehearing or retrial and to further reconsider the court's prior ruling and reinstate plaintiff's original complaint were heard and denied. On August 30, 1988, a notice of appeal was filed by plaintiff.

■■ Although the parties do not address the question, we must initially determine whether this court has jurisdiction to consider the appeal. Ordinarily, the filing of a post-trial motion within 30 days after the entry of a judgment order, or within an extended period granted by the court, stays the enforcement of the judgment. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1202(c), (d).) In order for this court to have jurisdiction to consider an appeal, a notice of appeal must be filed within 30 days after the entry of the final judgment or after the entry of the order disposing of the last pending post-trial motion. (107 Ill. 2d R. 303(a)(1).) However, in small claims cases, post-trial motions may not be filed without leave of court. (113 Ill. 2d R. 287(b).) Since the purpose of the new rule is not to reduce appeals from small claims cases, but to "simplify procedures and reduce the cost of litigation" (113 Ill. 2d R. 287(b), Committee Comments, at xcix; Ill. Ann. Stat., ch. 110A, par. 287(b), Committee Comments, at 100 (Smith-Hurd Supp. 1988)), it appears the supreme court intended that the filing of the petition for leave to file a post-trial motion accompanied by the post-trial motion tolls the 30-day period for filing a notice of appeal. Therefore, we will consider the merits of this appeal.

■■ ■ The only issue raised on appeal is whether the trial court properly denied plaintiff's motion to amend his complaint. A trial court has broad discretion regarding the allowance of amendments to pleadings prior to the entry of final judgment, and the trial court's ruling will not be overturned by an appellate court in the absence of a showing of manifest abuse of discretion. (*Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437.) In this case, plaintiff filed the motion the day before the hearing, and plaintiff's counsel appeared to argue the motion at the time of the scheduled hearing. Plaintiff did not personally appear at that hearing. No valid excuse was made by plaintiff for failing to amend the complaint at a time so as not to inconvenience the court or defendant, who was obviously ready to proceed with the hearing. Since plaintiff did not personally appear and since plaintiff also filed a motion for a continuance, the trial court could justifiably conclude that the only purpose for plaintiff filing the motion to amend was to

cause delay. Therefore, the denial of plaintiff's motion to amend was not an abuse of discretion by the trial court.

For the foregoing reasons, the judgment of the circuit court of De Witt County is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.