COUNTY OF COOK, Cermak Health Services, Petitioner, v. ILLINOIS LOCAL LABOR RELATIONS BOARD *et al.*, Respondents.

First District (5th Division)   No. 1—87—3254

Opinion filed June 30, 1989.—Rehearing denied November 13, 1989.— Supplemental opinion filed February 16, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Iris E. Sholder and Harold E. McKee III, Assistant State's Attorneys, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William D. Frazier, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Local Labor Relations Board.

Ann C. Hodges, of Katz, Friedman, Schur & Eagle, of Chicago, for respondent General Service Employees Union.

JUSTICE COCCIA delivered the opinion of the court:

Petitioner County of Cook, Cermak Health Services, takes this direct appeal from a Local Labor Relations Board order entered in favor of respondent General Service Employees Union, Local 73, SEIU, AFL-CIO. The board directed petitioner to cease and desist from imposing new employment qualifications upon incumbent employees, unless it first offered to bargain with respondent over those qualifications. We have concluded, however, that Illinois Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)) governs direct review of board orders; therefore, since petitioner did not commence its appeal within 30 days as required by Rule 303(a), it must be dismissed for lack of jurisdiction.

Petitioner provides health care services to persons incarcerated at the Cook County Department of Corrections. In February 1987, petitioner's director posted a notice, announcing that if certain classes of emergency medical technicians wished to retain their jobs, they would be required to obtain paramedic licenses from the

State of Illinois. Such licensing had not been required previously. Respondent, which represents employees affected by the new requirements, filed a grievance with the board on February 13, 1987. Respondent accused petitioner of committing an unfair labor practice, by not bargaining over the imposition of the new job prerequisites prior to adopting them.

Based upon this charge, the board issued a complaint on February 26, 1987. On July 2, 1987, a hearing officer concluded that petitioner, by failing to bargain with respondent, violated the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1601 et seq.). The hearing officer recommended that petitioner be ordered to cease and desist from imposing changes in the employment conditions of the incumbent employees, unless it first bargained in good faith with respondent regarding those changes.

Petitioner and respondent thereafter filed exceptions with the board to the hearing officer's recommended decision. On September 21, 1987, the board issued a cease and desist order. The board further directed petitioner to rescind the new employment qualifications as to the incumbent employees, and to reinstate, with back pay, incumbent employees displaced as a result of the new job prerequisites.

■ Petitioner filed its petition for review with the clerk of this court on October 23, 1987, 32 days after the board's order was entered. A petition for review is, in essence, a notice of appeal. (See 107 Ill. 2d R. 335, Committee Comments, at 444.) Supreme Court Rule 303(a) provides:

"[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***." (107 Ill. 2d R. 303 (a)(1).)

If an appeal is not commenced within 30 days after the entry of the order appealed from, the appellate court lacks jurisdiction. (See Bolin v. Sosamon (1989), 181 Ill. App. 3d 442, 445, 537 N.E.2d 11, 12.) Accordingly, we raised the issue of timeliness sua sponte at oral argument. See In re Marriage of Lawrence (1986), 146 Ill. App. 3d 307, 309, 496 N.E.2d 538, 540.

I

The procedure for obtaining review of Local Labor Relations Board orders is described in section 11(e) of the Illinois Public Labor Relations Act:

"A charging party or any person aggrieved by a final order of the Board granting or denying in whole or in part the

relief sought may apply for and obtain judicial review of an order of the Board entered under this Act, in accordance with the provisions of the Administrative Review Law, as now or hereafter amended, except that such judicial review shall be afforded directly in the appellate court ***." (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e).)

Turning to section 3—103 of the Administrative Review Law, we find:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1987, ch. 110, par. 3—103.

As a matter of common sense, however, section 3—103 does not apply to direct review of administrative decisions in the appellate court, for it requires "the filing of a complaint and the issuance of summons" in order to commence review. (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) This is the language of circuit court practice, not appellate court practice. Undoubtedly, the legislature's use of such terms can be traced to the fact that the Administrative Review Law contemplates review by the circuit, and not the appellate, court.

Thus, the supreme court was moved to promulgate Supreme Court Rule 335 (107 Ill. 2d R. 335), in order to clarify which sections of the Administrative Review Law are appropriate for direct review by the appellate court, rather than the circuit court. Indeed, the committee comments to Rule 335 state:

"A number of Administrative Review Act requirements are not suitable for the direct review of administrative orders by the Appellate Court." 107 Ill. 2d R. 335, Committee Comments, at 443.

The comments continue:

"[T]he petition for review serves the function of the notice of appeal, and nothing else *** ." (107 Ill. 2d R. 335, Committee Comments, at 444.)

The similarity between the petition for review and the notice of appeal is confirmed by the text of Rule 335(b), wherein the supreme court ordains that Rule 303(d), which governs service of the notice of appeal, shall govern service of the petition for review. 107 Ill. 2d R. 335(b).

■ Ultimately, it is the plain language of Supreme Court Rule

335(h) which establishes that Rule 303(a) is suitable for direct review of Local Labor Relations Board orders, and that section 3—103 of the Administrative Review Law is unsuitable for such review. Rule 335(h) provides:

> "(1) Insofar as appropriate, the provisions of Rules 301 through 373 (except for Rules 321 through 326) are applicable to proceedings under this rule. ***
>
> (2) Sections 3—101, 3—108(c), 3—109, 3—110, and 3—111 of the Code of Civil Procedure [the Administrative Review Law] are applicable to proceedings to review orders of the agency." (107 Ill. 2d R. 335(h).)

Because Rule 303(a) is within the rules listed as appropriate in subparagraph (1) of Rule 335(h), it is suitable for direct review of board orders. Additionally, the committee comments quoted above confirm that a petition for review is a notice of appeal in everything but name, so the rule governing the timeliness of such notices—Rule 303(a)—should govern the timeliness of petitions for review.

Moreover, since the supreme court omitted section 3—103 from the Administrative Review Law sections listed in subparagraph (2) of Rule 335(h), that section is not suitable for direct review of board orders. *Expressio unius est exclusio alterius.* (See 2A N. Singer, Sutherland Statutory Construction §47.23 (4th ed. 1984).) In other words, when the supreme court enumerated specific sections of the Administrative Review Law in subparagraph (2) of Rule 335(h), that enumeration implied the exclusion of other Administrative Review Law sections not enumerated—including section 3—103. (See *In re Sneed* (1977), 48 Ill. App. 3d 364, 368, 363 N.E.2d 37, 40, *aff'd* (1978), 72 Ill. 2d 326, 381 N.E.2d 272; see also *Rubens v. Hill* (1905), 213 Ill. 523, 539, 72 N.E. 1127, 1131-32.) By implication, then, section 3—103 of the Administrative Review Law does not govern direct review of board orders.

We think our holding is also required by respect for the constitutionally enshrined principle of separation of powers. The importance of that principle in this State is illustrated by the fact that the Illinois Constitution, unlike its Federal counterpart, explicitly recognizes it:

> "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.)

And article VI, section 1, provides:

> "The judicial power is vested in a Supreme Court, an Ap-

pellate Court and Circuit Courts." Ill. Const. 1970, art. VI, §1.

The Illinois Constitution clearly empowers the supreme court to promulgate procedural rules to facilitate the judiciary's discharge of its constitutional duties. In certain circumstances, however, the authority to promulgate procedural rules can be concurrent between the supreme court and the General Assembly. (See *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281, 492 N.E.2d 1322, 1326.) In section 11(e) of the Illinois Public Labor Relations Act, the legislature did not expressly preempt Supreme Court Rule 303(a); that is, section 11(e) says nothing about the time within which direct review must be commenced. The General Assembly, however, has expressly preempted Rule 303(a) in other administrative statutes, by providing different times within which direct review must be initiated. (See, *e.g.*, *Peoples Gas, Light & Coke Co. v. Illinois Commerce Comm'n* (1988), 175 Ill. App. 3d 39, 529 N.E.2d 671; *Getty Synthetic Fuels, Inc. v. Pollution Control Board* (1982), 104 Ill. App. 3d 285, 432 N.E.2d 942.) Were we to hold that the Administrative Review Law's section 3—103 governs here, we would in effect be holding that the legislature may impliedly preempt the supreme court's rules. The proposition that the General Assembly may impliedly preempt such rules ultimately rests upon the assumption that the Illinois courts are nothing more than the judicial arm of the legislature. Our supreme court has rejected that assumption. (See *People v. Walker* (1988), 119 Ill. 2d 465, 475, 519 N.E.2d 890, 893.) In fact, to recognize that the General Assembly may exercise its concurrent power by implication could provide precedent for future inroads upon the separation of powers doctrine, which preserves the delicate constitutional balance of power. Consequently, we decline to hold that the legislature has impliedly preempted Supreme Court Rule 303(a) in section 11(e) of the Illinois Public Labor Relations Act.

## II

At oral argument we learned that the issue of whether direct review of Local Labor Relations Board orders must be commenced within 30 or 35 days is apparently a topic of debate among members of the bar. Subsequently, on March 16, 1989, we allowed petitioner to file a supplemental response concerning the jurisdictional issue. First, petitioner argues that the clerk of this court accepted its petition for review without objection, thereby confirming that the 35-day deadline of the Administrative Review Law's section 3—

103 applies, rather than the 30-day deadline of Supreme Court Rule 303(a). Second, petitioner argues that the 35-day deadline governs, upon the authority of the first district, fourth division's decision in *Peoples Gas*.

■ Petitioner does not deny that its petition for review was filed more than 30 days after the entry of the board's order. Nevertheless, petitioner contends that because the clerk of this court accepted its petition without objection, and within 35 days after entry of the board's order, its construction of the governing deadline has been confirmed. The conclusion that a petition is timely filed, thereby vesting the reviewing court with jurisdiction, does not follow from the premise that it has been accepted without objection by the clerk. The short answer to petitioner's contention is that the clerk has no authority to bind this court regarding jurisdictional issues, and that such authority cannot be presumed from the clerk's mere acceptance of a petition without objection. We would never hold that a notice of appeal was timely filed solely because the clerk accepted it without objection. As stated previously, a petition for review is virtually identical to a notice of appeal. Thus, we cannot hold that the clerk's mere acceptance of petitioner's petition for review without objection more than 30 days, but less than 35 days, after entry of the board's order disposes of the jurisdictional issue before us.

In addition, *Peoples Gas* is inapposite. In that case, a gas company sought direct appellate administrative review of an Illinois Commerce Commission order. The gas consumer argued that the appellate court lacked subject matter jurisdiction, since the gas company filed its petition for review within 30 days after service of the commission's order denying rehearing, rather than within 30 days after entry of the order. The court rejected this argument, refusing to hold that Rule 303(a) preempted section 10—201(a) of the Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(a)). Section 10—201(a) enacted:

> "Within 30 days after the service of any order *** of the Commission refusing an application for a rehearing *** any person or corporation affected by such *** order *** may appeal to the appellate court *** for the purpose of having the reasonableness or lawfulness of the *** order *** inquired into and determined." (Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(a).)

Therefore, the court was faced with a conflict between Rule 303(a), which required commencement of the appeal within 30 days after

the order's entry, and section 10—201(a), which required commencement within 30 days after the order's service.

We are faced with no such conflict here. Unlike section 10—201(a) of the Public Utilities Act, section 11(e) of the Illinois Public Labor Relations Act does not expressly preempt Rule 303(a), for it says nothing about the time within which direct administrative review must be commenced. Accordingly, *Peoples Gas* is not precedent for petitioner's claim that the 35-day deadline of the Administrative Review Law's section 3—103 governs in our case.

*City of Benton Police Department v. Human Rights Comm'n* (1986), 147 Ill. App. 3d 7, 497 N.E.2d 876, cited in *Peoples Gas*, more closely resembles this case. In *City of Benton*, the Human Rights Commission moved to dismiss petitions for review on the grounds that they violated the 30-day appeal period of Supreme Court Rule 303(a). Like section 11(e) of the Illinois Public Labor Relations Act, section 8—111(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A)) referred to the Administrative Review Law in general terms, but did not expressly preempt Rule 303(a), because the latter section did not provide a specific time within which direct review had to be commenced. (Section 8—111(A) has since been amended—by Public Act 85—676, effective Jan. 1, 1988—to provide specifically that direct review must be initiated within 35 days.) The Commission contended that Rule 303(a) applied, by virtue of Rule 335(h)(1). In particular, argued the Commission, Rule 335(h)(1) expressed the supreme court's intent to apply Rule 303(a)'s 30-day appeal period to cases of direct review of final agency decisions.

While the fifth district conceded that the Commission's claims were logical, it refused to dismiss the case. (*City of Benton*, 147 Ill. App. 3d at 11, 497 N.E.2d at 879.) In the course of its analysis, the court did not consider the fact that the legislature failed to expressly preempt Rule 303(a) in section 8—111(A) of the Illinois Human Rights Act, by not mandating a particular time within which direct review had to be taken. Yet the fifth district invoked this court's decision in *Getty Synthetic Fuels*, asserting that we therein acknowledged the General Assembly's authority to determine the period within which a petition for review must be filed. *City of Benton*, 147 Ill. App. 3d at 13, 497 N.E.2d at 881.

The fifth district's opinion is not binding upon us (see *Corbett v. Devon Bank* (1973), 12 Ill. App. 3d 559, 567, 299 N.E.2d 521, 525), and we regretfully disagree with its reasoning. We believe our decision in *Getty Synthetic Fuels* does not support *City of*

*Benton's* rationale. In the former case, section 41 of the Environmental Protection Act expressly preempted Supreme Court Rule 303(a), in that it provided a specific time within which direct review had to be initiated. (Ill. Rev. Stat. 1979, ch. 111½, par. 1041.) In contrast, the administrative statute at issue in *City of Benton*, like the administrative statute at issue here, did not expressly preempt Rule 303(a), as it failed to specify a particular time within which direct review had to be commenced. Thus, the fifth district's reliance on *Getty Synthetic Fuels* was misplaced.

█ A closer reading of *Getty Synthetic Fuels* actually supports the result we reach today, since it is precedent for the application of Supreme Court Rule 303 via Rule 335(h)(1). In *Getty Synthetic Fuels*, we held that Supreme Court Rule 303(e) applied, by virtue of Rule 335(h)(1), to extend the time within which direct review must be initiated. (*Getty Synthetic Fuels*, 104 Ill. App. 3d at 288-89, 432 N.E.2d at 945.) In order to hold that the Administrative Review Law's section 3—103 applies here, we would be required to hold that Rule 303(a) is inapplicable, thereby abandoning the reasoning of our prior decision. It would be inconsistent to hold now that paragraph (a) of Rule 303 does not apply through Rule 335(h)(1), given our holding in *Getty Synthetic Fuels* that paragraph (e) of Rule 303 applies through Rule 335(h)(1). Furthermore, we perceive no principled basis for such a decision.

In conclusion, we do not wish to be understood as holding that section 11(e) of the Illinois Public Labor Relations Act and Supreme Court Rule 303(a) are in conflict. On the contrary section 11(e), unlike other administrative laws, does not expressly preempt Rule 303(a). The Administrative Review Law's section 3—103 contemplates review by the circuit court, not the appellate court. Supreme Court Rule 335(h), however, simultaneously includes Rule 303(a), while it excludes section 3—103. Rule 303(a) clearly governs appellate practice.

Since we have concluded that Supreme Court Rule 303(a)'s 30-day deadline applies in our case, and since petitioner did not commence its appeal within 30 days, this appeal must be dismissed for want of jurisdiction.

Appeal dismissed.

MURRAY, P.J., and PINCHAM, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

On July 20, 1989, County of Cook, Cermak Health Services (Cook County), filed a petition for rehearing. We subsequently ordered briefing. General Service Employees Union, Local 73, SEIU, AFL-CIO, filed its answer in opposition to the petition on August 18, 1989; on August 21, 1989, the Local Labor Relations Board (board) filed its answer. Cook County's reply to the answers was filed on September 1, 1989.

In the petition for rehearing, Cook County reargues points raised in its supplemental response. As noted in our opinion of June 30, 1989, we granted Cook County leave to file the supplemental response after oral argument, when we raised *sua sponte* the issue of whether its appeal had been taken in a timely fashion. We addressed the points Cook County now reargues in that opinion and see no reason to revisit them here. Indeed, Illinois Supreme Court Rule 367(b) forbids reargument in petitions for rehearing. See 113 Ill. 2d R. 367(b).

In addition, however, Cook County argues a new point in its petition for rehearing. Cook County now urges that its petition for review was timely filed when measured by the board's own rules. Supreme Court Rule 367(b) likewise provides for rehearing on only those "points claimed to have been overlooked or misapprehended by the court" in its original opinion. (See 113 Ill. 2d R. 367(b); see also *People v. Mallett* (1970), 45 Ill. 2d 388, 397-98, 259 N.E.2d 241, 246.) Cook County failed to advance this contention in its supplemental response, although it had the opportunity to argue whatever points it wished regarding the jurisdictional question we raised. As Supreme Court Rule 367(b) does not permit either the argument of new points on rehearing, or reargument, Cook County's petition for rehearing must be denied.

Petition denied.

MURRAY and PINCHAM*, JJ., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation, which participation included concurrence in the majority opinion filed on June 30, 1989, and the order denying the petition for rehearing filed on November 13, 1989, and approval of the supplemental opinion filed herein.