(No. 69644.

COUNTY OF COOK, CERMAK HEALTH SERVICES, Appellant, v. THE ILLINOIS STATE LOCAL LABOR RELATIONS BOARD *et al.*, Appellees.

*Opinion filed September 26, 1991.*

BILANDIC, HEIPLE and FREEMAN, JJ., took no part.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Iris E. Sholder, Alison E. O'Hara and Karen J. Dimond, Assistant State's Attorneys, of counsel), for appellant.

Irving M. Friedman and Denise S. Poloyac, of Katz, Friedman, Schur & Eagle, Chtd., of Chicago, for appellees.

Gregory J. Malovance and William G. Miossi, of Winston & Strawn, of Chicago, for *amicus curiae* Illinois Education Association-NEA.

JUSTICE CUNNINGHAM delivered the opinion of the court:

General Service Employees Union, Local 73 (Union), filed charges with the Illinois Local Labor Relations Board (Board), alleging County of Cook, Cermak Health Services (Cermak), engaged in unfair labor practices in violation of sections 10(a)(1), (a)(2), and (a)(4) of the Illinois Public Labor Relations Act (Labor Relations Act) (Ill. Rev. Stat. 1987, ch. 48, pars. 1610(a)(1), (a)(2), (a)(4)). The Board issued a complaint, and on July 2, 1987, a hearing officer found Cermak in violation of the Labor Relations Act. Upon review of the hearing officer's decision, the Board, on September 21, 1987, entered an order in favor of the Union.

Pursuant to section 11(e) of the Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e)), Cermak appealed to the appellate court. The appellate court held that Cermak's appeal was not timely, and dismissed the appeal for want of jurisdiction. (189 Ill. App. 3d 1057, 1064a.) Cermak then filed a petition for leave to appeal with this court (107 Ill. 2d R. 315) which we granted. The Illinois Education Association-NEA (IEA-NEA) has filed a brief as *amicus curiae*.

The issue for our review is whether Cermak timely filed its appeal with the appellate court. Cermak filed its petition for review with the clerk of the appellate court on October 23, 1987, 32 days after the Board entered its order. Cermak alleges it had 35 days to file its petition, so the petition was not filed late. The IEA-NEA agrees with this position. The Union contends, and the appellate court held, that Cermak had only 30

days to file the petition, so the petition was untimely. (189 Ill. App. 3d at 1064a.) We must resolve this discrepancy.

Appeals of final decisions of administrative agencies are usually brought first to the circuit court. Since 1970, however, the legislature has gradually provided for more agency decisions to be directly appealed to the appellate court, thereby surpassing circuit court review. See 107 Ill. 2d R. 335, Committee Comments, at 443.

Under section 11(e) of the Labor Relations Act, a party wishing to appeal a final order of the Board does so directly to the appellate court. (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e).) The appellant seeks this review in accordance with the provisions of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e).) Section 3—103 of the Administrative Review Law provides:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1987, ch. 110, par. 3—103.

Supreme Court Rule 335 sets forth "[t]he procedure for a statutory direct review of orders of an administrative agency by the Appellate Court." (107 Ill. 2d R. 335.) This rule requires the appellant to file a petition for review in the appellate court. (107 Ill. 2d R. 335(a).) The rule states that "[i]nsofar as appropriate, the provisions of Rules 301 through 373 *** are applicable to proceedings under this rule." (107 Ill. 2d R. 335(h)(1).) According to Supreme Court Rule 303(a), a party appealing the judgment of a circuit court must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the judgment. (107 Ill. 2d R. 303(a)(1).) Thus, Rule 335 incorporates the 30-day filing

period established by Rule 303(a). The apparent conflict is between the legislature's 35-day filing deadline, ref-erenced in section 11(e) of the Labor Relations Act through section 3—103 of the Administrative Review Law, and the supreme court's 30-day filing deadline, set forth in Rules 335 and 303(a).

We first address the question of whether the provisions of the Labor Relations Act and the Administrative Review Law *actually* conflict with Rules 335 and 303(a). The appellate court in the instant case held that section 3—103 was intended to apply to circuit court review of administrative actions, not to direct appellate court review of such actions. (189 Ill. App. 3d at 1060, 1064a.) The appellate court pointed out that section 3—103 states: "Every action to review a final administrative decision shall be commenced by *the filing of a complaint and the issuance of summons* within 35 days ***." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) Because "the filing of a complaint and the issuance of summons" only occur at the circuit court level, the appellate court interpreted that the legislature contemplated circuit court review when it referenced use of the Administrative Review Law, not appellate court review. (189 Ill. App. 3d at 1060-61.) As a result, the appellate court concluded the Labor Relations Act by its reference to the Administrative Review Law did not explicitly indicate the time limit for direct appeals from administrative agency decisions to the appellate court. The appellate court noted that Rule 335 had been promulgated to deal with the fact that the Administrative Review Law contemplates review by the circuit, and not the appellate, court. In fact, the committee comments to Rule 335 state that "[a] number of Administrative Review Act requirements are not suitable for the direct review of administrative orders by the Appellate Court." (107 Ill. 2d R. 335, Committee

Comments, at 443.) We agree with the appellate court's interpretation of section 3—103. We hold that section 3—103 *does not* apply to the direct appellate court review of the administrative action herein, but rather that Rule 303(a) shall govern the appeal period to be used in this case.

Because Rule 303(a) requires a "notice of appeal [to] be filed with the clerk of the circuit court within 30 days after entry of the final judgment appealed from" (107 Ill. 2d R. 303(a)), it therefore also appears to apply only to appellate court review of circuit court judgments. However, the inconsistency of the language was accounted for in Rule 335 by the phrase "insofar as appropriate." Rule 335 specifically qualifies its adoption of other rules by use of the words "insofar as appropriate."

The appellate court held that because the Labor Relations Act did not explicitly provide a time limit for appeals, the legislature did not expressly preempt Rule 303(a). (189 Ill. App. 3d at 1063-64.) For this reason, the appellate court emphasized that, in its opinion, the Labor Relations Act and Rule 303(a) were not in conflict. (189 Ill. App. 3d at 1064.) The appellate court pointed out that the legislature has expressly preempted Rule 303(a) in other administrative statutes by specifically setting forth time limits for direct appellate court review. (189 Ill. App. 3d at 1061, 1064.) Consequently, the appellate court concluded: "Were we to hold that the Administrative Review Law's section 3—103 governs here, we would in effect be holding that the legislature may *impliedly* preempt the supreme court's rules." (Emphasis added.) (189 Ill. App. 3d at 1062.) The appellate court correctly declined to so hold. 189 Ill. App. 3d at 1062.

The appellate court's concern was that the incorporation of the Administrative Review Law by the Labor

Relations Act was not enough to establish the legislature's intent that the 35-day time limit of section 3—103 of the Administrative Review Law applied. We, too, find the relationship between the Labor Relations Act and section 3—103 of the Administrative Review Law to be as tenuous as did the appellate court. The Labor Relations Act states very generally in section 11(e) that an appellant must seek direct appellate court review of an order of the Board in accordance with the provisions of the Administrative Review Law. (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e).) In our view, this does not reflect clear legislative intent that *all* of the provisions of the Administrative Review Law, including section 3—103, apply to direct appellate court review of a decision of the Board since some of the provisions of section 3—103 are obviously not applicable to appellate court review.

Because there is tension between the legislature's and this court's filing periods, our task is to resolve this tension. This court has constitutional power to institute and enforce procedural rules. As stated in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273:

"Discrepancies between procedural rules of this court and procedural statutory provisions on the same issue are resolved within the framework of the Illinois Constitution. Article II, section 1, of the Constitution provides:

'The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.' [Citation.]

Article VI, section 1, provides:

'The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts.' [Citation.]

The Illinois Constitution clearly empowers this court to promulgate procedural rules to facilitate the judiciary in the discharge of its constitutional duties. [Citations.]

We have noted, however, that the constitutional authority to promulgate procedural rules, in certain circumstances, can be concurrent between this court and the legislature. [Citations.] Because procedural rule-making is concurrent on occasion, we have sought to reconcile, where possible, conflicts between rules of this court and legislative enactments. [Citation.] While we have favored reconciliation, we have not hesitated to strike down those procedural legislative enactments which unduly infringe upon our constitutional rule-making authority. '[W]here a rule of this court on a matter within the court's authority and a statute on the same subject conflict, the rule will prevail.'" (Emphasis omitted.) *O'Connell*, 112 Ill. 2d at 280-81, quoting *People v. Cox* (1980), 82 Ill. 2d 268, 274.

The supreme court has the authority, under article VI, section 16, of the Illinois Constitution to "provide by rule for expeditious and inexpensive appeals." (Ill. Const. 1970, art. VI, §16.) The constitution also gives the supreme court the power to provide by rule for direct appeal to the supreme court from judgments of the circuit courts when those appeals do not otherwise arise as a constitutional right (Ill. Const. 1970, art. VI, §4(b)), to provide by rule for appeals from the appellate court to the supreme court when those appeals do not otherwise arise as a constitutional right (Ill. Const. 1970, art. VI, §4(c)), and to "provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts" (Ill. Const. 1970, art. VI, §6).

The case presently before us involves a direct appeal from the decision of an administrative agency to the appellate court. Article VI, section 6, of the Illinois Constitution explicitly states that "[t]he Appellate Court shall have such powers of direct review of administrative action as provided by law." (Ill. Const. 1970, art. VI, §6.) The constitution, therefore, does give the legislature the power to establish direct appellate court re-

view of administrative actions. (Ill. Const. 1970, art. VI, §6.) The legislature also has the authority to establish circuit court review of administrative actions. Ill. Const. 1970, art. VI, §9.

It is thus evident that this court and the legislature have concurrent constitutional authority to promulgate procedural rules concerning direct appellate court review of administrative decisions. This court has recognized such concurrent authority. (*O'Connell*, 112 Ill. 2d at 281.) Discrepancies between procedural statutory provisions and procedural rules of this court must be resolved within the framework of our constitution. (*O'Connell*, 112 Ill. 2d at 280-81.) We will only strike down procedural legislative enactments which "unduly infringe upon our constitutional rule-making authority." *O'Connell*, 112 Ill. 2d at 281.

In the case at bar, however, the legislature did not explicitly state a time within which direct administrative review must be commenced. The legislature could have explicitly imposed a 35-day appeal period if that had been its intent, but it did not do so in the Labor Relations Act. The General Assembly did explicitly state the period for seeking direct appellate review in the Illinois Public Utilities Act (Ill. Rev. Stat. 1987, ch. 111⅔, par. 10—201); section 9—22 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 9—22); and the Illinois Human Rights Act (Ill. Rev. Stat. 1987, ch. 68, par. 8—111(A)(1) (as amended by Pub. Act 85—676, §1, eff. Jan. 1, 1988)). This court will not imply an appeal period in the Labor Relations Act when the General Assembly failed to expressly impose one. To permit the legislature to exercise its concurrent power by implication would unnecessarily require this court to assess the constitutional balance of powers.

We stress that the legislature has the power under article VI, section 6, of the constitution to provide for

direct appellate review of administrative actions. The use of such legislative authority must be explicitly stated, however, or when statutory requirements enacted pursuant to the legislature's constitutional power under article VI, section 6, are in conflict with this court's rules, our rules will control.

This court adopted Rule 335 in 1971 after the legislature provided for direct appellate review of orders of the Pollution Control Board under the Environmental Protection Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1041). (107 Ill. 2d R. 335, Committee Comments, at 443.) In adopting Rule 335, the committee comments took specific note that: "No prior rule has prescribed the procedures to be followed in such cases. A number of Administrative Review Act requirements are *not* suitable for the direct review of administrative orders by the Appellate Court." (Emphasis added.) (107 Ill. 2d R. 335, Committee Comments, at 443.) The comments to Rule 335 proceeded to state that "[t]he rule is based upon the procedures followed under the Administrative Review Act, the Illinois rules governing appeals, and the Federal Rules of Appellate Procedure which relate to review of administrative orders by an appellate court." (107 Ill. 2d R. 335, Committee Comments, at 443.) The specific purpose for adoption of Rule 335 was to govern direct appeals to the appellate court from orders of administrative agencies, as in the case at bar.

The Union points out that certain provisions of some of the rules incorporated into Rule 335 are not completely relevant to direct appellate court review of administrative decisions. For example, while establishing the 30-day filing limitation, Rule 303(a) also requires the filing of a notice of appeal. (107 Ill. 2d R. 303(a)(1).) Rule 335, on the other hand, specifically mandates the filing of a petition for review. (107 Ill. 2d R. 335(a).) The committee comments to Rule 335 state: "[T]he pe-

tition for review serves the function of the notice of appeal, and nothing else \*\*\*." (107 Ill. 2d R. 335, Committee Comments, at 444.) The similarity between the petition for review and the notice of appeal is confirmed by the test of Rule 335(b), wherein the supreme court ordains that Rule 303(d), which governs service of the notice of appeal, shall govern service of the petition for review. 107 Ill. 2d R. 335(b).

Rule 335 also provides: "Sections 3—101, 3—108(c), 3—109, 3—110, and 3—111 of the [Administrative Review Law] are applicable to proceedings to review orders of the agency." (107 Ill. 2d R. 335(h)(2).) By this statement, according to the appellate court in the case at bar, Rule 335 specifically excludes section 3—103 of the Administrative Review Law, the provision which sets the 35-day time limit. (189 Ill. App. 3d at 1060-61.) We agree with the appellate court's finding of *expressio unius est exclusio alterius*. See 2A N. Singer, Sutherland on Statutory Construction §47.23 (4th ed. 1984).

We turn now to the conflict in the districts of the appellate court over this issue. *Getty Synthetic Fuels, Inc. v. Pollution Control Board* (1982), 104 Ill. App. 3d 285, did not directly address the issue before us. *Getty* dealt with whether an appellant could rely on Supreme Court Rule 303(e) (107 Ill. 2d R. 303(e)) to extend the time for filing a petition for review. Rule 303(e) requires a motion for leave to file a late notice of appeal be filed within 30 days after the expiration of the original appeal period. (107 Ill. 2d R. 303(e).) Before the *Getty* court could determine whether Rule 303(e) applied, the court had to first decide when the original appeal period had ended. The *Getty* court used the 35-day appeal period expressly set forth in section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1041) to determine when the original appeal period ended. We note that neither the parties nor the court in

*Getty* challenged the 35-day appeal period established by the Environmental Protection Act. However, that 35-day appeal period is explicitly stated in the act in question in *Getty,* unlike the case at bar where the Labor Relations Act does not explicitly state an appeal period.

In *Peoples Gas, Light & Coke Co. v. Illinois Commerce Comm'n* (1988), 175 Ill. App. 3d 39, one of the issues was whether Peoples Gas, Light and Coke Company (gas company) timely filed its petition for direct appellate court review of an order of the Illinois Commerce Commission (Commission). The petition was filed within 30 days *after service* of the Commission's order denying the gas company's request for rehearing, pursuant to section 10—201(a) of the Illinois Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(a)). It was argued, however, that the petition should have been filed within 30 days *of the entry* of the Commission's order denying rehearing, pursuant to Supreme Court Rule 303(a). *(Peoples Gas,* 175 Ill. App. 3d at 45.) The appellate court in *Peoples Gas* held that Supreme Court Rule 303(a) did not preempt section 10—201(a) of the Public Utilities Act, and therefore the petition was timely filed. *(Peoples Gas,* 175 Ill. App. 3d at 45.) There, too, the appeal period was explicitly set forth in the Public Utilities Act.

Another decision supporting the one we have reached here is *Consumers Gas Co. v. Illinois Commerce Comm'n* (1986), 144 Ill. App. 3d 229. In *Consumers Gas,* the Appellate Court, Fifth District, held provisions of section 10—201 of the Public Utilities Act unconstitutional to the extent the provisions of that statute conflicted with Rule 335. *(Consumers Gas,* 144 Ill. App. 3d at 236.) Section 10—201 sets forth the procedures for perfecting a direct appeal to the appellate court from a decision of the Illinois Commerce Commis-

sion. (*Consumers Gas*, 144 Ill. App. 3d at 236.) The appellate court determined the statute was an improper legislative intrusion into the judiciary's constitutional power over appellate procedure and practice. (*Consumers Gas*, 144 Ill. App. 3d at 236.) While the filing period conflict was not directly at issue in *Consumers Gas*, the statute the court held unconstitutional did include a specific filing deadline. Other procedural statutory requirements which conflicted with Rule 335 were at issue in *Consumers Gas*. The court in *Consumers Gas* found it had jurisdiction over the appeal because the appellant had complied with the requirements of Rule 335. *Consumers Gas*, 144 Ill. App. 3d at 236.

Oddly enough, the very same district of the appellate court reached a different conclusion in *City of Benton Police Department v. Human Rights Comm'n* (1986), 147 Ill. App. 3d 7, a similar case filed little more than three months after *Consumers Gas*. *City of Benton* does not cite or discuss *Consumers Gas*. *City of Benton* limited itself to the issue of the time limit for a direct appeal from an administrative action and directly conflicts with our decision here. Based upon our reasoning in the case at bar and considering the appellate court's own ruling in *Consumers Gas*, *City of Benton* is overruled as to the appeal period to be used in a direct appeal to the appellate court from an administrative action.

The Appellate Court, Fourth District, was faced with this same issue in *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board* (1990), 196 Ill. App. 3d 238. Although that court chose to follow the *City of Benton* court rather than the *Cermak* court, it acknowledged the uncertainty of the issue and cautioned that "[s]urely, prudent counsel will now file for administrative review in the appellate court within the time frame

set forth in Supreme Court Rule 303(a)." 196 Ill. App. 3d at 248.

Because of the confusion surrounding this issue and the unfairness which would result if this were to be a retroactive decision, we hold our ruling in this case to be prospective in nature from the filing of this opinion. The judgment of the appellate court is hereby vacated, and the cause is remanded to the appellate court for further proceedings consistent with this opinion.

*Appellate court vacated;
cause remanded.*

JUSTICES BILANDIC, HEIPLE and FREEMAN took no part in the consideration or decision of this case.