DONALD MERWIN, Petitioner-Appellant, v. THE STATE BOARD OF ELECTIONS *et al.*, Respondents-Appellees.

First District (1st Division)   No. 1—92—0554

Opinion filed April 20, 1992.

Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson and Mathias W. Delort, of counsel), for appellant.

John M. Nelson, of Rockford, appellee *pro se.*

JUSTICE CAMPBELL delivered the opinion of the court:

Petitioner Donald Merwin sought reversal of an order of the circuit court of Cook County that affirmed the decision of respondent State Board of Elections (the Board) to overrule objections Merwin filed against respondent John M. Nelson's (Nelson's) candidacy for the State senator from the 35th legislative district. After an emergency hearing on February 28, 1992, this court ordered that the relief sought by Merwin would be denied and that an opinion on this matter issue at a later date. We now deliver that opinion.

The facts giving rise to this dispute are as follows. Nelson caused nomination petitions to be a Democratic Party candidate for the office of State senator for the 35th legislative district at the March 17, 1992, general election primary to be filed with the Board. Subsequently, Merwin caused objections to Nelson's petitions to be filed with the Board.

The objection on appeal is that many of Nelson's petition sheets had a circulator's affidavit which did not identify the dates on which they were circulated and failed to state that no signatures were obtained before September 17, 1991. Merwin alleged that the petition sheets at issue were therefore invalid under the relevant provision of the Election Code. (See Ill. Rev. Stat. 1989, ch. 46, par. 8—8.) It is undisputed that invalidating these petition sheets would leave Nelson with an inadequate number of signatures and would result in removing Nelson's name from the ballot.

The Board convened a public hearing on these objections on February 7, 1992. At this hearing, the Board appointed a hearing officer to conduct proceedings on this matter and submit a recommendation to the Board. The proceedings on this matter were held on February 10, 1992. The hearing officer found that the petition sheets at issue did not identify the dates on which they were circulated and failed to state that no signatures were obtained before September 17, 1992. The hearing officer also received into evidence affidavits of Nelson, William D. Crowley and Mary Ann Aiello which indicated that the petition sheets at issue were circulated between January 14 and January 24, 1992. The hearing officer also heard oral testimony as to the circulation dates of the petitions.

The hearing officer, however, ultimately refused to consider the oral testimony regarding circulation dates. The hearing officer concluded that the petition sheets at issue violated section 7—10 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 7—10). Nelson's argument that he had substantially complied with the requirements of the Election Code was rejected. The hearing officer concluded that Nelson had failed to gather sufficient valid signatures to be placed on the ballot.

On February 14, 1992, the Board rejected the recommendation of the hearing officer. The Board determined that the petition sheets at issue had been circulated within the time required by law. The Board further determined that, given the circumstances surrounding the 1992 election year, such as the uncertainty of district lines, Nelson had shown substantial compliance with the law, based on the testimony of the witnesses at the hearing.

On February 18, 1992, Merwin filed a petition for judicial review of the Board's decision in the circuit court of Cook County. Nelson moved to dismiss the matter for lack of subject matter jurisdiction. The trial court denied both Nelson's motion and Merwin's petition on February 20, 1992. Merwin filed a notice of appeal to this court; Nelson filed a notice of cross-appeal on the jurisdictional issue.

■■ We first address the subject matter jurisdiction of the trial court, which may be raised at any time in the appellate process. (*People ex rel. Klingelmueller v. Haas* (1982), 111 Ill. App. 3d 88, 92, 443 N.E.2d 782, 785.) Subject matter jurisdiction, which gives the right to hear and determine a case, is conferred on courts by our constitution or by legislative enactment. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210, 215, 486 N.E.2d 893, 895, 898.) Our constitution provides that the circuit courts shall have such power to review administrative action as may be provided by law. (Ill. Const. 1970, art. VI, §9.) The Election Code provides for judicial review of Board actions within 10 days. (Ill. Rev. Stat. 1989, ch. 46, par. 10—10.1.) Timely filing of an administrative review complaint is jurisdictional and cannot be waived. *Fredman Brothers Furniture Co. v. Department of Revenue* (1984), 129 Ill. App. 3d 38, 471 N.E.2d 1037, *aff'd* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.

Under normal circumstances, this issue could be easily determined. In this case, the Board issued its decision on February 14, 1992, and the complaint for judicial review was filed on February 18, 1992. The complaint would therefore appear to be timely filed.

The circumstances of this case, however, are far from typical. Nelson's motion to dismiss was not based upon the 10-day period speci-

fied in the Election Code. Instead, Nelson relied on an order issued by the Illinois Supreme Court in *People ex rel. Burris v. Ryan* (1992), 147 Ill. 2d 270, 293. The order adopted a redistricting plan submitted to the court by the Legislative Redistricting Commission, subject to certain conditions. The order also set forth a schedule for the election process that provided, in relevant part, that final decisions of the Board were to be rendered by February 10, 1992, and that the last day to petition for judicial review of those decisions was February 14, 1992. (*People ex rel. Burris v. Ryan* (1992), 147 Ill. 2d 270, 293.) The schedule is part of an order implementing the supreme court's decision concerning State legislative redistricting; such decisions are constitutionally within the original and exclusive jurisdiction of the supreme court. (See Ill. Const. 1970, art. IV, §3; see also Ill. Const. 1970, art. VI, §9 (specifically removing only redistricting cases from original jurisdiction of circuit court).) The supreme court also has the constitutional authority to institute and enforce procedural rules for the operation of the State judiciary. (*County of Cook, Cermak Health Services v. Illinois State Local Labor Relations Board* (1991), 144 Ill. 2d 326, 333, 579 N.E.2d 866, 869 (*Cermak Health Services*).) If the order is strictly followed, Merwin's filing for judicial review would be deemed untimely. This court must attempt to resolve the disparity between the command of our supreme court and the legislative filing period, consistent with a constitutional framework of separated powers. See *Cermak Health Services*, 144 Ill. 2d at 333-34, 579 N.E.2d at 869.

▮ As the above discussion suggests, the legislature and the supreme court have concurrent authority over the procedure for judicial review of the Board's decisions. (See *Cermak Health Services*, 144 Ill. 2d at 332-34, 579 N.E.2d at 870.) Generally, a supreme court rule[1] will preempt a legislative enactment when the latter does not expressly state a period for filing an administrative review complaint. (*Cermak Health Services*, 144 Ill. 2d at 334-35, 579 N.E.2d at 870-71.) Conversely, a supreme court rule will not preempt a statute where the statute explicitly sets forth a time period for seeking administrative review, as the subject is initially considered to be within the province of the legislature. See *Cermak Health Services*, 144 Ill. 2d at 334-35, 579 N.E.2d at 870-71.

---

[1]Although the aforementioned order was not designated by the supreme court as a rule, it undoubtedly establishes a deadline for judicial review in a particular class of cases and functions identically to a formal rule within that class of cases.

■ Applying *Cermak Health Services*, section 10—10.1 of the Election Code would preempt the schedule in the supreme court's order. *Cermak Health Services*, however, is distinguishable from this case in a number of ways. First, the judicial command here clearly postdates the legislative action; the supreme court could not have been unaware that the schedule in its order departed from the statutory scheme. Second, while the schedule functions as a rule, it remains part of an order in a particular case and, by its own terms, is limited in duration to the 1992 election cycle. Third, allowing the legislative enactment to prevail in this case would indirectly erode the jurisdiction of our supreme court to decide redistricting cases. Such jurisdiction is solely granted to our supreme court by our constitution in order to check the power of the legislature. Thus, our disregard of the supreme court's order could erode the constitutional checks and balances between our separated branches of government. These factors suggest that the unique circumstances in this case warrant an exception to the *Cermak Health Services* rule.

We therefore conclude that the trial court lacked subject matter jurisdiction over this case. On appeal, Merwin contends that he was not provided with a written decision until after February 14, 1992, making it impossible to file for judicial review prior to February 18, 1992. The trial court ruled that it would be unfair to deny Merwin judicial review in this case, given the unique circumstances of this election season. However, it does not necessarily follow that the circuit court of Cook County was the proper forum for judicial review. In a prior case where the Board's written decision was not issued until after the legal deadline for doing so, an aggrieved party was permitted to file an original action for *mandamus* in the supreme court, rather than file for review in the circuit court, due to the time constraints and great import of the election process. (See *Dooley v. McGillicudy* (1976), 63 Ill. 2d 54, 58, 345 N.E.2d 102, 104.) *Dooley* suggests that if the circuit court had dismissed for lack of subject matter jurisdiction, judicial review may not have been foreclosed entirely.

For all of the aforementioned reasons, we dismiss the appeal for lack of subject matter jurisdiction.

Dismissed.

O'CONNOR and MANNING, JJ., concur.