Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.
_____filed: 10/27/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | |
|---|---|
| COMMONWEALTH EDISON COMPANY, ) | Petition for review of order |
| ) | of Illinois Commerce Commission. |
| Petitioner-Appellee, ) | |
| ) | |
| v. ) | ICC No. 05--0159 |
| ) | |
| ILLINOIS COMMERCE COMMISSION, ) | **(No. 1--06--0664)** |
| ) | |
| Respondent ) | |
| ) | |

(The People of the State of Illinois, <u>ex rel.</u> )
Attorney General Lisa Madigan, Intervenor- )
Appellant; the People of Cook County, )
<u>ex rel.</u> State's Attorney Richard Devine,)
Building Owners and Managers Association)
of Chicago, Environmental Law and Policy )
Center, Citizens Utility Board, Central Illinois)
Light Company, Central Illinois Public )
Service Company, Illinois Power Company,)
Ameren Energy Marketing Company, and )
the City of Chicago, Intervenors-Appellees; )
Blue Star Energy Services, Inc., Constellation )
Energy Commodities Group, Inc., )
Constellation Newenergy, Inc., Direct Energy )
Services, LLC, United States Department of)
Energy, Dynegy, Inc., Electric Power Supply )
Association, Illinois Energy Association, )
Abbott Laboratories, Inc., Caterpillar, Inc., )
Daimler Chrysler Corporation, Cognis )
Corporation, Enbridge Energy, LLP, Ford )
Motor Company, Motorola, Inc., J. Aron )
& Company, Mid-American Energy Company, )
Midwest Generation EME, LLC, Morgan )
Stanley Capital Group, Inc., Midwest )
Independent Power Suppliers, Peoples Energy )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.


Services Corporation, Reliant Energy, Inc., )
Local Unions 15, 51, and 702 of the )
International Brotherhood of Electrical )
Workers, AFL-CIO, Sempra Energy Solutions, )
and US Energy Savings Corporation, )
Intervenors). )

_____

_____

| | |
|---|---|
| COMMONWEALTH EDISON COMPANY, ) | Petition for review of order |
| ) | of Illinois Commerce Commission. |
| Petitioner-Appellee, ) | |
| ) | |
| v. ) | ICC No. 05--0159 |
| ) | |
| ILLINOIS COMMERCE COMMISSION, ) | **(No. 1--06--0858)** |
| ) | |
| Respondent ) | |
| ) | |

(The People of Cook County, <u>ex rel.</u> State's )
Attorney Richard Devine, Intervenor-Appellant; )
the People of the State of Illinois, <u>ex rel.</u> )
Attorney General Lisa Madigan, Building )
Owners and Managers Association of Chicago, )
Environmental Law and Policy Center, Citizens )
Utility Board, Central Illinois Light Company, )
Central Illinois Public Service Company, )
Illinois Power Company, Ameren Energy )
Marketing Company, and the City of Chicago, )
Intervenors-Appellees; Blue Star Energy )
Services, Inc., Constellation Energy )
Commodities Group, Inc., Constellation )
Newenergy, Inc., Direct Energy Services, LLC, )
United States Department of Energy, Dynegy, )
Inc., Electric Power Supply Association, Illinois )
Energy Association, Abbott Laboratories, Inc., )
Caterpillar, Inc., Daimler Chrysler Corporation, )
Cognis Corporation, Enbridge Energy, LLP, )
Ford Motor Company, Motorola, Inc., J. Aron )
& Company, Mid-American Energy Company, )
Midwest Generation EME, LLC, Morgan )
Stanley Capital Group, Inc., Midwest )
Independent Power Suppliers, Peoples Energy )
Services Corporation, Reliant Energy, Inc., )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

Local Unions 15, 51, and 702 of the )
International Brotherhood of Electrical )
Workers, AFL-CIO, Sempra Energy Solutions, )
and US Energy Savings Corporation, )
Intervenors). )

_____

_____

COMMONWEALTH EDISON COMPANY, )   Petition for review of order
 )   of Illinois Commerce Commission.
     Petitioner-Appellee, )
 )
v. )   ICC No. 05--0159
 )
ILLINOIS COMMERCE COMMISSION, )   **(No. 1--06--0859)**
 )
     Respondent )
 )
(Citizens Utility Board, Intervenor-Appellant;)
the People of the State of Illinois, ex rel. )
Attorney General Lisa Madigan, Building )
Owners and Managers Association of Chicago, )
Environmental Law and Policy Center, the )
People of Cook County, ex rel. State's Attorney)
Richard Devine, Central Illinois Light Company, )
Central Illinois Public Service Company, )
Illinois Power Company, Ameren Energy )
Marketing Company, and the City of Chicago, )
Intervenors-Appellees; Blue Star Energy )
Services, Inc., Constellation Energy )
Commodities Group, Inc., Constellation )
Newenergy, Inc., Direct Energy Services, LLC, )
United States Department of Energy, Dynegy, )
Inc., Electric Power Supply Association, )
Illinois Energy Association, Abbott )
Laboratories, Inc., Caterpillar, Inc., Daimler )
Chrysler Corporation, Cognis Corporation, )
Enbridge Energy, LLP, Ford Motor )
Company, Motorola, Inc., J. Aron & )
Company, Mid-American Energy Company,)
Midwest Generation EME, LLC, Morgan )
Stanley Capital Group, Inc., Midwest )
Independent Power Suppliers, Peoples )
Energy Services Corporation, Reliant Energy, )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

Inc., Local Unions 15, 51, and 702 of the     )
International Brotherhood of Electrical         )
Workers, AFL-CIO, Sempra Energy              )
Solutions, and US Energy Savings              )
Corporation, Intervenors).                      )

_____
_____

COMMONWEALTH EDISON COMPANY,     )     Petition for review of order
                                            )     of Illinois Commerce Commission.
        Petitioner-Appellee,                 )
                                            )
v.                                          )     ICC No. 05--0159
                                            )
ILLINOIS COMMERCE COMMISSION,        )     **(No. 1--06--0876)**
                                            )
        Respondent                          )
                                            )
(Environmental Law and Policy Center,       )
Intervenor-Appellant; the People of the     )
State of Illinois, ex rel. Attorney General)
Lisa Madigan, Building Owners and Managers )
Association of Chicago, the People of Cook)
County, ex rel. State's Attorney Richard)
Devine, Citizens Utility Board, Central      )
Illinois Light Company, Central Illinois      )
Public Service Company, Illinois Power       )
Company, Ameren Energy Marketing           )
Company, and the City of Chicago,          )
Intervenors-Appellees; Blue Star Energy     )
Services, Inc., Constellation Energy          )
Commodities Group, Inc., Constellation      )
Newenergy, Inc., Direct Energy Services, LLC, )
United States Department of Energy, Dynegy,  )
Inc., Electric Power Supply Association,       )
Illinois Energy Association, Abbott           )
Laboratories, Inc., Caterpillar, Inc., Daimler )
Chrysler Corporation, Cognis Corporation,   )
Enbridge Energy, LLP, Ford Motor Company,  )
Motorola, Inc., J. Aron & Company,          )
Mid-American Energy Company, Midwest       )
Generation EME, LLC, Morgan Stanley         )
Capital Group, Inc., Midwest Independent    )
Power Suppliers, Peoples Energy Services    )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.


Corporation, Reliant Energy, Inc., Local )
Unions 15, 51, and 702 of the International )
Brotherhood of Electrical Workers, AFL-CIO, )
Sempra Energy Solutions, and US Energy )
Savings Corporation, Intervenors). )

_____

_____

COMMONWEALTH EDISON COMPANY, ) Petition for review of order
) of Illinois Commerce Commission.
    Petitioner-Appellee, )
)
v. ) ICC No. 05--0159
)
ILLINOIS COMMERCE COMMISSION, ) **(No. 1--06--0966)**
)
    Respondent )
)
(Building Owners and Managers Association )
of Chicago, Intervenor-Appellant; the People )
of the State of Illinois, <u>ex rel.</u> Attorney )
General Lisa Madigan, Environmental Law )
and Policy Center, the People of Cook )
County, <u>ex rel.</u> State's Attorney Richard)
Devine, Central Illinois Light Company, )
Central Illinois Public Service Company, )
Illinois Power Company, Ameren Energy )
Marketing Company, and the City of )
Chicago, Intervenors-Appellees; Blue Star )
Energy Services, Inc., Constellation Energy)
Commodities Group, Inc., Constellation )
Newenergy, Inc., Direct Energy Services, LLC, )
United States Department of Energy, Dynegy, )
Inc., Electric Power Supply Association, )
Illinois Energy Association, Abbott )
Laboratories, Inc., Caterpillar, Inc., Daimler )
Chrysler Corporation, Cognis Corporation, )
Enbridge Energy, LLP, Ford Motor Company, )
Motorola, Inc., J. Aron & Company, Mid- )
American Energy Company, Midwest )
Generation EME, LLC, Morgan Stanley )
Capital Group, Inc., Midwest Independent )
Power Suppliers, Peoples Energy Services )
Corporation, Reliant Energy, Inc., Local )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.


Unions 15, 51, and 702 of the International )
Brotherhood of Electrical Workers, AFL-CIO, )
Sempra Energy Solutions, US Energy Savings )
Corporation, and Citizens Utility Board, )
Intervenors). )

_____

_____

| | |
|---|---|
| COMMONWEALTH EDISON COMPANY, ) | Petition for review of order |
| ) | of Illinois Commerce Commission. |
| Petitioner-Appellant, ) | |
| ) | |
| v. ) | ICC No. 05--0159 |
| ) | |
| ILLINOIS COMMERCE COMMISSION, ) | **(Nos. 2--06--0149 & 2--06--0381)** |
| ) | |
| Respondent ) | |
| ) | |

(The People of the State of Illinois, ex rel. )
Attorney General Lisa Madigan, the People of )
Cook County, ex rel. State's Attorney Richard)
Devine, Building Owners and Managers )
Association of Chicago, Environmental Law )
and Policy Center, and Citizens Utility Board, )
Intervenors-Appellees; Central Illinois Light )
Company, Central Illinois Public Service )
Company, Illinois Power Company, Ameren)
Energy Marketing Company, Blue Star )
Energy Services, Inc., the City of Chicago, )
Constellation Energy Commodities Group, )
Inc., Constellation Newenergy, Inc., Direct )
Energy Services, LLC, United States )
Department of Energy, Dynegy, Inc., Electric )
Power Supply Association, Illinois Energy )
Association, Abbott Laboratories, Inc., )
Caterpillar, Inc., Daimler Chrysler Corporation,)
Cognis Corporation, Enbridge Energy, LLP,)
Ford Motor Company, Motorola, Inc., J. Aron )
& Company, Mid-American Energy Company, )
Midwest Generation EME, LLC, Morgan )
Stanley Capital Group, Inc., Midwest )
Independent Power Suppliers, Peoples Energy )
Services Corporation, Reliant Energy, Inc., )
Local Unions 15, 51, and 702 of the )

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

International Brotherhood of Electrical, )
Workers, AFL-CIO, Sempra Energy Solutions, )
and US Energy Savings Corporation, )
Intervenors). )

_____

_____

| | |
|---|---|
| CENTRAL ILLINOIS LIGHT COMPANY, ) | Petition for review of order |
| CENTRAL ILLINOIS PUBLIC SERVICE ) | of Illinois Commerce Commission. |
| COMPANY, and ILLINOIS POWER ) | |
| COMPANY, ) | |
|  ) | |
|  Petitioners-Appellants, ) | |
|  ) | |
| v. ) | ICC Nos. 05--0160, 05--0161, 05--0162 |
|  ) | cons. |
| ILLINOIS COMMERCE COMMISSION, ) | |
|  ) | **(No. 4--06--0118)** |
|  Respondent ) | |
|  ) | |

(The People of the State of Illinois, <u>ex rel.</u> )
Attorney General Lisa Madigan, Environmental )
Law and Policy Center, Citizens Utility )
Board, and Commonwealth Edison Company, )
Intervenors-Appellees; Dynegy, Inc., Illinois )
Industrial Energy Consumers, Blue Star Energy )
Services, Inc., Midwest Generation EME, )
LLC, Constellation Energy Commodities )
Group, Inc., Midwest Independent Power )
Suppliers, Local Unions 15, 51, and 702 of )
the International Brotherhood of Electrical )
Workers, AFL-CIO, Morgan Stanley Capital )
Group, Inc., Electric Power Supply )
Association, Illinois Energy Association, )
Ameren Energy Marketing Company, J. Aron )
& Company, Coalition of Energy Suppliers, )
US Energy Savings Energy Savings )
Corporation, Constellation Newenergy, Inc.,)
Direct Energy Services, LLC, MidAmerican )
Energy Company, and Peoples Energy Services )
Corporation, Intervenors). )

_____

_____

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

| | |
|---|---|
| CENTRAL ILLINOIS LIGHT COMPANY, CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, and ILLINOIS POWER COMPANY, )<br><br>        Petitioners-Appellees, )<br><br>v. )<br><br>ILLINOIS COMMERCE COMMISSION, )<br><br>        Respondent )<br><br>(Environmental Law and Policy Center, Intervenor-Appellant; the People of the State of Illinois, <u>ex rel.</u> Attorney General Lisa Madigan, Citizens Utility Board, and Commonwealth Edison Company, Intervenors-Appellees; Dynegy, Inc., Illinois Industrial Energy Consumers, Blue Star Energy Services, Inc., Midwest Generation EME, LLC, Constellation Energy Commodities Group, Inc., Midwest Independent Power Suppliers, Local Unions 15, 51, and 702 of the International Brotherhood of Electrical Workers, AFL-CIO, Morgan Stanley Capital Group, Inc., Electric Power Supply Association, Illinois Energy Association, Ameren Energy Marketing Company, J. Aron & Company, Coalition of Energy Suppliers, US Energy Savings Corporation, Constellation Newenergy, Inc., Direct Energy Services, LLC, MidAmerican Energy Company, and Peoples Energy Services Corporation, Intervenors). | Petition for review of order of Illinois Commerce Commission.<br><br><br>ICC Nos. 05--0160, 05--0161, 05--0162 cons.<br><br>**(No. 4--06--0391)** |

_____
_____

| | |
|---|---|
| CENTRAL ILLINOIS LIGHT COMPANY, CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, and ILLINOIS POWER COMPANY, )<br><br>        Petitioners-Appellees, ) | Petition for review of order of Illinois Commerce Commission. |

D R A F T

|  | ) |  |
|---|---|---|
| v. | ) | ICC Nos. 05--0160, 05--0161, 05--0162 |
|  | ) | cons. |
| ILLINOIS COMMERCE COMMISSION, | ) | |
|  | ) | **(No. 4--06--0392)** |
| Respondent | ) | |
|  | ) | |
| (The People of the State of Illinois, <u>ex rel.</u> | ) | |
| Attorney General Lisa Madigan, Intervenor- | ) | |
| Appellant; Environmental Law and Policy | ) | |
| Center, Citizens Utility Board, and | ) | |
| Commonwealth Edison Company, Intervenors- | ) | |
| Appellees; Dynegy, Inc., Illinois Industrial | ) | |
| Energy Consumers, Blue Star Energy | ) | |
| Services, Inc., Midwest Generation EME, | ) | |
| LLC, Constellation Energy Commodities | ) | |
| Group, Inc., Midwest Independent Power | ) | |
| Suppliers, Local Unions 15, 51, and 702 of the | ) | |
| International Brotherhood of Electrical | ) | |
| Workers, AFL-CIO, Morgan Stanley Capital | ) | |
| Group, Inc., Electric Power Supply | ) | |
| Association, Illinois Energy Association, | ) | |
| Ameren Energy Marketing Company, J. Aron | ) | |
| & Company, Coalition of Energy Suppliers, | ) | |
| US Energy Savings Corporation, | ) | |
| Constellation Newenergy, Inc., Direct Energy | ) | |
| Services, LLC, MidAmerican Energy | ) | |
| Company, and Peoples Energy Services | ) | |
| Corporation, Intervenors). | ) | |

_____
_____

| CENTRAL ILLINOIS LIGHT COMPANY, | ) | Petition for review of order |
|---|---|---|
| CENTRAL ILLINOIS PUBLIC SERVICE | ) | of Illinois Commerce Commission. |
| COMPANY, and ILLINOIS POWER | ) | |
| COMPANY, | ) | |
|  | ) | |
| Petitioners-Appellees, | ) | |
|  | ) | |
| v. | ) | ICC Nos. 05--0160, 05--0161, 05--0162 |
|  | ) | cons. |
| ILLINOIS COMMERCE COMMISSION, | ) | |
|  | ) | **(No. 4--06--0393)** |
| Respondent | ) | |

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

                                                    )
(Citizens Utility Board, Intervenor-Appellant;)
Environmental Law and Policy Center,        )
Commonwealth Edison Company, the People   )
of the State of Illinois, <u>ex rel.</u> Attorney General)
Lisa Madigan, Intervenors-Appellees; Dynegy,  )
Inc., Illinois Industrial Energy Consumers,   )
Blue Star Energy Services, Inc., Midwest    )
Generation EME, LLC, Constellation Energy   )
Commodities Group, Inc., Midwest          )
Independent Power Suppliers, Local Unions   )
15, 51, and 702 of the International        )
Brotherhood of Electrical Workers, AFL-CIO,  )
Morgan Stanley Capital Group, Inc., Electric   )
Power Supply Association, Illinois Energy   )
Association, Ameren Energy Marketing      )
Company, J. Aron & Company, Coalition of )
Energy Suppliers, US Energy Savings       )
Corporation, Constellation Newenergy, Inc.,)
Direct Energy Services, LLC, MidAmerican )
Energy Company, and Peoples Energy Services        )
Corporation, Intervenors).                   )
_____
_____

JUSTICE KAPALA delivered the opinion of the court:

These consolidated appeals are before this court after our supreme court, on August 4, 2006, entered an order denying a motion by the People of the State of Illinois (the State) under Supreme Court Rule 302(b) (134 Ill. 2d R. 302(b)) for expedited review and to stay orders of respondent, the Illinois Commerce Commission (ICC). In the same order, pursuant to its supervisory authority, our supreme court consolidated four appeals filed in the Fourth District with seven consolidated appeals pending in this court. Prior to our supreme court's order of August 4, 2006, the State filed (1) a motion to dismiss the petition for direct review filed by petitioners-appellants Central Illinois Light Company, Central Illinois Public Service Company, and Illinois Power Company (collectively Ameren),

docketed as No. 4--06--0118 in the Fourth District, and to transfer the remaining causes to the First District; and (2) a motion to dismiss one of the petitions for direct review filed by petitioner-appellant Commonwealth Edison (ComEd), docketed in this court as No. 2--06--0149, and to transfer the remaining causes pending before this court to the First District. On August 21, 2006, we entered an order granting the motions to dismiss appeal Nos. 4--06--0118 and 2--06--0149, and denying the motions to transfer. This opinion explains our rationale.

## I. BACKGROUND

On January 24, 2006, the ICC issued an order in ICC case No. 05--0159 (the ComEd order) and an order in ICC consolidated case Nos. 05--0160, 05--0161, and 05--0162 (the Ameren order). Various parties and intervenors filed applications for rehearing in the ICC. To illustrate the progression of events after the ICC issued the ComEd and Ameren orders, we set forth the following chronologies:

**ComEd's Appeals filed in the Second District:**

| | |
|---|---|
| 1-24-06 | ICC filed the ComEd order and served it on the parties |
| 1-25-06 | ComEd filed its application for rehearing in the ICC |
| 2-8-06 | ICC denied ComEd's application for rehearing |
| 2-9-06 | ComEd filed a petition for direct review in the Second District (No. 2--06--0149) |
| 2-23-06 | State and other parties filed applications for rehearing in the ICC |
| 3-10-06 | ICC disposed of the last pending applications for rehearing |

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

| 3-16-06 | State filed a petition for direct review in the First District (No. 1--06--0664) |
| 4-10-06 | ComEd filed a second petition for direct review in the Second District (No. 2--06--0381) |

**Ameren's Appeal filed in the Fourth District:**

| 1-24-06 | ICC filed the Ameren order and served it on the parties |
| 1-26-06 | Ameren filed its application for rehearing in the ICC |
| 2-8-06 | ICC denied Ameren's application for rehearing |
| 2-9-06 | Ameren filed a petition for direct review in the Fourth District (No. 4--06--0118) |
| 2-23-06 | State and other parties filed applications for rehearing in the ICC |
| 3-13-06 | ICC disposed of the last pending application for rehearing |
| 3-16-06 | State filed a petition for direct review in the First District (No. 1--06--0663) |

On March 23, 2006, ComEd moved to transfer the State's appeal of the ComEd order to the Second District, where ComEd had previously filed its appeal. Similarly, Ameren moved to transfer the State's appeal of the Ameren order to the Fourth District, where Ameren had previously filed its appeal.[1] The State defended both transfer motions

---

[1]These transfer motions also requested the transfer of other parties' appeals of the ComEd and Ameren orders filed in the First District after ComEd and Ameren filed their appeals in the Second and Fourth Districts.

by arguing that the appeals filed by ComEd and Ameren in the Second and Fourth Districts respectively were premature and, therefore, pursuant to section 10--201(a) of the Public Utilities Act (Act) (220 ILCS 5/10--201(a) (West 2004)), the First District was the first appellate court to attain jurisdiction.  The First District granted both transfer motions.

## II. ANALYSIS

### A. Motions to Dismiss

On June 13, 2006, in the Fourth District, the State filed a motion styled "Motion by the People of the State of Illinois to Dismiss Appeal No. 4--06--0118 for Lack of Jurisdiction and to Transfer Appeal Nos. 4--06--0392, 4--06--0393 and 4--06--0391 to the Court that has Exclusive Jurisdiction Over these Appeals."  On June 14, 2006, in this court, the State filed a motion styled "Motion by the People of the State of Illinois to Dismiss Appeal No. 2--06--0149 for Lack of Jurisdiction and to Transfer Appeal Nos. 2--06--0381, 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876 and 1--06--0966 to the Court that has Exclusive Jurisdiction Over these Appeals."

In support of those portions of its motions seeking dismissal of appeal Nos. 2--06--0149 and 4--06--0118, the State points out that Supreme Court Rule 335 authorizes direct review by the appellate court of administrative orders and that subsection (i) of that rule specifies that, "[i]nsofar as appropriate, the provisions of Rules 301 through 373 (except for Rule 326) are applicable to proceedings under this rule."  155 Ill. 2d R. 335(i).  In addition, the State notes that Rule 303(a)(1) provides that "the notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-judgment motion directed against that judgment."  Official

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

Reports Advance Sheet No. 22 (October 26, 2005), R. 303(a)(1), eff. January 1, 2006. The State further notes that Rule 303(a)(2) provides:

"When a timely post-judgment motion has been filed by any a party *** a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed." 155 Ill. 2d R. 303(a)(2).

The State maintains that ComEd's and Ameren's February 9, 2006, petitions for review were filed before the ICC denied the last pending applications for rehearing and, therefore, did not have the effect of conferring jurisdiction on the appellate court. Consequently, the State concludes that we must dismiss appeal Nos. 2--06--0149 and 4--06--0118.

In response, ComEd, Ameren, and the ICC contend that ComEd's and Ameren's February 9, 2006, petitions for review were not premature because Rule 303(a) is inapplicable and section 10--201(a) of the Act provides a party-specific right to file a petition for review of an ICC decision, following the ICC's refusal of that party's application for rehearing:

"Within 35 days from the date that a copy of the order or decision sought to be reviewed was served upon the party affected by any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, including any order granting or denying interim rate relief, *** any person or corporation affected by such rule, regulation, order or decision, may appeal to the appellate court of the judicial district in which the subject

matter of the hearing is situated, or if the subject matter of the hearing is situated in more than one district, then of any one of such districts, for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined."  220 ILCS 5/10--201(a) (West 2004).

Our supreme court's decision in County of Cook, Cermak Health Services v. Illinois State Local Labor Relations Board, 144 Ill. 2d 326 (1991), is controlling on the issue of whether the "last pending post-judgment motion" provision of Supreme Court Rule 303(a)(1) is applicable to appeals from decisions of the ICC.  Cermak Health Services recognized that the Illinois Constitution confers concurrent constitutional authority upon our supreme court and the legislature to promulgate procedural rules concerning direct appellate court review of administrative decisions.  Cermak Health Services, 144 Ill. 2d at 334.  Cermak Health Services teaches that where the legislature expressly exercises its authority to promulgate such rules, it may preempt a supreme court rule addressing the same subject.  See Cermak Health Services, 144 Ill. 2d at 334-35 (statute will preempt a supreme court rule where the statute explicitly sets forth a time period for seeking direct appellate review of an administrative ruling).  However, Cermak Health Services instructs further that the legislative enactment will be struck down where it " 'unduly infringe[s] upon [our supreme court's] constitutional rule-making authority.' "  Cermak Health Services, 144 Ill. 2d at 334, quoting O'Connell v. St. Francis Hospital, 112 Ill. 2d 273, 281 (1986).

In applying the teachings of Cermak Health Services, we must first determine whether section 10--201(a) expressly demonstrates the legislature's intent to preempt Rule 303(a)'s provision that, in the event that multiple parties file postjudgment motions directed against a judgment, the period for appealing that judgment does not begin to run until entry

of the order disposing of the last pending postjudgment motion. Section 10--201(a) does not expressly state that, in the event that multiple parties file applications for rehearing, a party wishing to appeal does not have to wait for the ICC to dispose of all timely filed applications for rehearing. Section 10--201(a) does not address multiple applications for rehearing but, rather, speaks only to the situation where a single application for rehearing is filed. We will not infer that the legislature meant for the 35-day period to begin to run when a given party's application for rehearing is disposed of while another application is pending, where the legislature has not expressly so stated. See Cermak Health Services, 144 Ill. 2d at 334 ("This court will not imply an appeal period in the [Act] when the General Assembly failed to expressly impose one"). Because the legislature did not express an intent to exercise its power to promulgate a rule preempting Rule 303(a)(1)'s "last pending post-judgment motion" provision, Rule 303(a) is applicable here. Thus, the petitions for review docketed as Nos. 2--06--0149 and 4--06--0118 were premature under Rule 303(a)(1) and, consequently, ineffectual under Rule 303(a)(2).

Even if we were to assume, arguendo, that section 10--201(a) does conflict with Rule 303(a), section 10--201(a) could not stand under separation of powers principles. A conflict between section 10--201(a) and Rule 303(a) would occur if we construed the legislature's failure to state that a party seeking to appeal is required to wait for the last pending application for rehearing to be disposed of before appealing as demonstrating an intent to preempt the like-provision in Rule 303(a). However, section 10--201(a) so interpreted would "unduly infringe upon our supreme court's constitutional rule making authority." Consumers Gas Company v. Illinois Commerce Comm'n, 144 Ill. App. 3d 229, 236 (1986) (provision of former section 10--201(b) altering the precise point in time when

appellate court obtains jurisdiction over appeal from ICC  was an improper legislative intrusion into the judiciary's constitutional power over appellate procedure and practice). Although the Illinois Constitution does give the legislature the power to establish direct appellate court review of administrative decisions (Ill. Const. 1970, art. VI, §6 ("[t]he Appellate Court shall have such powers of direct review of administrative action as provided by law" (emphasis added))), it confers upon our supreme court the authority and duty to "provide by rule for expeditious and inexpensive appeals" (Ill. Const. 1970, art. VI, §16). Our supreme court has demonstrated its policy of discouraging piecemeal appeals.  See Yugoslav-American Cultural Center, Inc. v. Parkway Bank & Trust Co., 327 Ill. App. 3d 143, 147 (2001) (the purpose of Supreme Court Rule 304(a) is to discourage piecemeal appeals in the absence of just reason and to remove the uncertainty that exists when a final judgment is entered on less than all matters in the controversy); People in Interest of A.M. v. Herlinda M., 221 Ill. App. 3d 957, 965 (1991) (the purpose of Supreme Court Rule 304 is to prevent piecemeal appeals).  We believe that if section 10--201(a) permitted appeals while applications for rehearing were pending before the ICC, it would create piecemeal appeals.  If a party to an ICC proceeding did not have to wait until all the applications for rehearing were disposed of, and one of the later applications were granted, the same action would be pending in the appellate court and the ICC at the same time.  This would impede the constitutional mandate that the supreme court provide expeditious and inexpensive appeals.  Thus, any attempt in section 10--201(a) to preempt Rule 303(a)'s "last pending post-judgment motion" provision would frustrate the judiciary's ability to carry out its constitutional duty.

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

In support of its position that Rule 303(a)(1) does not govern in this case, Ameren cites People's Gas, Light & Coke Co. v. Illinois Commerce Comm'n, 175 Ill. App. 3d 39 (1988), and Cano v. Village of Dolton, 250 Ill. App. 3d 130 (1993). In these cases the First District was faced with situations where the Act (People's Gas, 175 Ill. App. 3d at 45) and the Illinois Human Rights Act (Cano, 250 Ill. App. 3d at 134-35) contained time periods for filing direct appeals to the appellate court, which periods differed from the 30-day period in Rule 303(a). In each case the court determined that the statutory provision governed. People's Gas, 175 Ill. App. 3d at 45; Cano, 250 Ill. App. 3d at 136. Neither of these decisions, however, lends support to Ameren's position that Rule 303(a)(1) is inapplicable here. People's Gas and Cano are situations where the legislature expressly exercised its authority to promulgate procedural rules on the time period for seeking direct appellate review of administrative decisions. In each case the First District held that the statutory time period controlled rather than the 30-day time period in Rule 303(a). In neither case, however, was there a contention that in so doing the legislature unduly infringed upon our supreme court's rulemaking authority. As such, in neither case did the First District conduct an analysis as to whether the legislature, in establishing a marginally longer period within which to perfect a direct appeal to the appellate court than the 30-day period established in Rule 303(a), unduly infringed upon our supreme court's rulemaking authority. People's Gas and Cano are consistent with Cermak Health Services, in which our supreme court recognized that where the legislature explicitly states a time period within which direct appellate review must be commenced, such time period controls rather than the 30-day period in Rule 303(a). Cermak Health Services, 144 Ill. 2d at 334. Because there was no issue as to undue infringement upon our supreme court's rulemaking authority in People's

˘18˘

Gas or Cano, these cases do not aid Ameren's position that Rule 303(a)(1)'s "last pending post-judgment motion" provision is inapplicable.

ComEd maintains that our supreme court in Condell Hospital v. Illinois Health Facilities Planning Board, 124 Ill. 2d 341 (1988), squarely rejected the State's argument. We disagree. Condell Hospital is inapposite because there was no argument presented in that case that Rule 303(a)(1) contradicted or conflicted with the applicable statute or the rules of the administrative agency. Consequently, in Condell Hospital, the supreme court did not consider whether the legislature unduly infringed upon the court's constitutional rulemaking authority.

Ameren asserts that when the First District, on April 20, 2006, granted its motion to transfer to the Fourth District the State's appeal pending in the First District, it implicitly and necessarily rejected the State's position that Ameren's petition for review filed in the Fourth District (No. 4--06--0118) was premature. Ameren therefore concludes that we cannot dismiss its appeal as premature, because we are bound by the First District's ruling under the law-of-the-case doctrine. ComEd makes a similar argument with respect to the First District's order granting its motion to transfer to this court the State's appeal filed in the First District. The ICC argues similarly with respect to both transfer orders.

The law-of-the-case doctrine generally provides that "a rule established as controlling in a particular case will continue to be the law of the case" in the absence of error or a change in facts. People v. Patterson, 154 Ill. 2d 414, 468 (1992). The doctrine, however, merely expresses the practice of courts generally to refuse to reopen what has been decided; it is not a limit on their power. Patterson, 154 Ill. 2d at 468-69. The doctrine encompasses both a court's explicit decisions and those made by necessary implication. In

re Marriage of Connors, 303 Ill. App. 3d 219, 224 (1999).  We agree that the First District, in entering its orders transferring the appeals pending in the First District to the Fourth and Second Districts, did implicitly hold that the Fourth District had jurisdiction of Ameren's appeal and that the Second District had jurisdiction over ComEd's appeal and, therefore, that Ameren's and ComEd's petitions for direct review were timely in those courts and not premature.  Nevertheless, under the law-of-the-case doctrine, we are not bound by the holding of our colleagues in the First District.

The law-of-the-case doctrine binds a court only where a court's prior order was final.  Patterson, 154 Ill. 2d at 468; People ex rel. Department of Public Health v. Wiley, 348 Ill. App. 3d 809, 817 (2004); Roy v. Coyne, 259 Ill. App. 3d 269, 273 (1994); McDonald's Corp. v. Vittorio Ricci Chicago, Inc., 125 Ill. App. 3d 1083, 1087 (1984).  Here the implicit ruling of the First District that the Fourth District and this court had jurisdiction over the appeals filed by Ameren and ComEd, respectively, is tantamount to the denial of a motion to dismiss for lack of jurisdiction.  The denial of a motion to dismiss is an interlocutory order.  Bailey v. Allstate Development Corp., 316 Ill. App. 3d 949, 956 (2000); Pearson v. Partee, 218 Ill. App. 3d 178, 182 (1991).  An interlocutory order is one that does not dispose of all of the controversy between the parties.  Moore v. One Stop Medical Center, 218 Ill. App. 3d 1011, 1016 (1991).  An interlocutory order may be modified or revised by a successor court at any time prior to final judgment.  Balciunas v. Duff, 94 Ill. 2d 176, 185 (1983); Towns v. Yellow Cab Co., 73 Ill. 2d 113, 121 (1978).  There is but one appellate court.  Aleckson v. Village of Round Lake Park, 176 Ill. 2d 82, 94 (1997).  Thus, a panel of the Second District of the Appellate Court revisiting, during the course of an ongoing appeal, an issue that a panel of the First District of the same court implicitly addressed in ruling on the motions to

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

transfer is no different from a successor trial judge revisiting the interlocutory decision of the trial judge he succeeded. Consequently, we reject the foregoing arguments by Ameren, ComEd, and the ICC that the law-of-the-case doctrine precludes our dismissal of case Nos. 2--06--0149 and 4--06--0118. ComEd argues that under Supreme Court Rule 315(b) the State's opportunity to appeal the First District's transfer orders to our supreme court expired 21 days after those orders were entered. We are mindful that generally the failure to timely appeal from an interlocutory order of the circuit court that is appealable as of right renders that order the law of the case. Bradford v. Wynstone Property Owners' Ass'n, 355 Ill. App. 3d 736, 739 (2005); Hwang v. Tyler, 253 Ill. App. 3d 43, 46 (1993); Battaglia v. Battaglia, 231 Ill. App. 3d 607, 615 (1992). However, this general rule does not apply to interlocutory orders of the appellate court, because such orders are not appealable as of right but, rather, are appealable only by leave of the supreme court. Moreover, appeals of interlocutory orders entered by the appellate court are not favored, and a failure to seek review when the appellate court's disposition of a case is not final does not constitute a waiver of the right to present any issue thereafter on appeal. 155 Ill. 2d R. 318(b).

Ameren also cites Gillen v. State Farm Mutual Auto Insurance Co., 215 Ill. 2d 381, 392 n.2 (2005), for the legal precept that a decision of the appellate court may be reversed only by the Illinois Supreme Court. Gillen does not, however, advance Ameren's position here, because Gillen does not preclude the appellate court from revisiting its own interlocutory order.

Furthermore, even if the First District's transfer orders, and in turn its implicit holding, were appealable such that the law-of-the-case doctrine were applicable here, a reviewing

court may depart from the law-of-the-case doctrine if the court finds that its prior decision was palpably erroneous (People v. Izquierdo-Flores, No. 2--04--0515, slip op at 8 (August 28, 2006)). For the reasons stated above, we find that this exception to the doctrine is applicable here.

Finally, Ameren and ComEd cite the United States Supreme Court's decision in Christianson v. Colt Industries, 486 U.S. 800, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988), in opposition to the State's motions to dismiss. They cite Christianson for the proposition that the law-of-the-case doctrine should apply with even greater force to transfer decisions than to decisions of substantive law (Christianson, 486 U.S. at 816, 100 L. Ed. 2d at 830, 108 S. Ct. at 2178). Nevertheless, the Court in Christianson recognized that the law-of-the-case doctrine was merely a practice of the courts and not a limit on their power, and also that a coordinate court could revist the jurisdictional decision of a coordinate court where it concluded that the prior decision was clearly wrong. Christianson, 486 U.S. at 817, 100 L. Ed. 2d at 831, 108 S. Ct. at 2178.

B. Motions to Transfer Remaining Appeals to the First District.

Section 10--201(a) of the Act requires that the appellate district that first acquires jurisdiction of any appeal from a decision of the ICC retain jurisdiction of such appeal and all further appeals from the same order. 220 ILCS 5/10--201(a) (West 2004). Because Ameren's and ComEd's petitions for review were premature, the First District was the first appellate district of the Illinois Appellate Court to acquire jurisdiction over an appeal from the ICC's January 24, 2006, orders. Nevertheless, our supreme court's order of August 4, 2006, directs this court to hear the consolidated appeals. Consequently, the State's motions to transfer are denied.

Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0149, 2--06--0381, 4--06--0118, 4--06--0391, 4--06--0392, 4--06--0393 cons.

## III. CONCLUSION

Based on the foregoing, the State's motions to dismiss Nos. 2--06--0149 and 4--06--0118 for lack of jurisdiction are granted. The petitions for review were filed in derogation of Supreme Court Rule 303(a)(1), and were therefore premature and ineffectual pursuant to Supreme Court Rule 303(a)(2). The State's motions to transfer Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0381, 4--06--0392, 4--06--0393, and 4--06--0391 are denied in view of our supreme court's order of August 4, 2006. The remaining consolidated cause (Nos. 1--06--0664, 1--06--0858, 1--06--0859, 1--06--0876, 1--06--0966, 2--06--0381, 4--06--0392, 4--06--0393, and 4--06--0391) will proceed under case No. 2--06--0381.

Nos. 2--06--0149 and 4--06--0118, Appeals dismissed.

GROMETER, P.J., and BYRNE, J., concur.