THIRD DIVISION
December 8, 2006

No. 1-06-3014


| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* | ) | |
| LISA MADIGAN, ATTORNEY GENERAL OF THE | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Petition for Review of |
| | ) | Orders of the Illinois |
| ILLINOIS COMMERCE COMMISSION, ILLINOIS BELL | ) | Commerce Commission |
| TELEPHONE COMPANY, CITIZENS UTILITY | ) | in Docket No. 06-0027 |
| BOARD, CITY OF CHICAGO, COOK COUNTY | ) | |
| STATE'S ATTORNEY'S OFFICE, AARP ILLINOIS, | ) | |
| GALLATIN RIVER COMMUNICATIONS LLC, | ) | |
| TRUCOMM CORPORATION and DATA NET | ) | |
| SYSTEMS, | ) | |
| | ) | |
| Respondents. | ) | |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

This petition for review was filed by the People of the State of Illinois from an order of the Illinois Commerce Commission (ICC) entered on August 30, 2006. Illinois Bell Telephone Company (AT&T Illinois) currently has two petitions for review from the same ICC order pending in the Fourth District of the Illinois Appellate Court. AT&T Illinois then filed this motion to transfer this case to the Fourth District, or, in the alternative, to dismiss it for lack of jurisdiction.

Section 10-201(a) of the Public Utilities Act states, in relevant part, that any person or

corporation affected by an ICC order may appeal to the appellate court of the judicial district in which the subject matter of the hearing is situated, or if the subject matter is situated in more than one district, than of any one of such districts. 220 ILCS 5/10-201(a) (West 2004). Further, the statute provides that the court first acquiring jurisdiction of any appeal from any order shall have and retain jurisdiction of such appeal and of all further appeals from the same order until such appeal is disposed of in such appellate court. 220 ILCS 5/10-201(a) (West 2004).

Citing section 10-201(a), AT&T Illinois contends that, because it filed its petitions for review from the ICC order in the Fourth District first, the Fourth District is the only appellate court with jurisdiction over this case, and the State's petition for review, filed in this district, must be transferred to the Fourth District. The State responds that both of AT&T Illinois's petitions for review filed in the Fourth District are premature and only its own petition, filed in the First District, was proper. Therefore, the State contends that it is the First District, and not the Fourth District, which has exclusive jurisdiction over this case.

We need not decide the jurisdictional issues presented by this motion or the response. Rather, we grant AT&T Illinois's motion to transfer this case to allow the Fourth District to decide these issues. In a similar case, recently decided by the Second District, Commonwealth Edison Co. v. Illinois Commerce Commission, No. 1-06-0381, et al. (2d Dist. Oct. 27, 2006), that court held that when the First District issued an order transferring two cases to the Second and Fourth Districts, the First District implicitly held that those districts had jurisdiction over the cases and that those petitions for review were not premature. We wish to clarify that by this opinion, we make no finding, either explicit or implied, that the Fourth District has jurisdiction over AT&T

1-06-3014

Illinois's two cases currently pending in that district. Further, we make no comment on whether those petitions for review were timely filed or premature. Additionally, we need not consider AT&T Illinois's motion to dismiss this petition for review and we make no ruling as to whether the appellate court has jurisdiction over this appeal. Those judgments are for the Fourth District to decide once all three cases are before it.

Accordingly, AT&T Illinois's motion to transfer this case to the Fourth District is granted. This case shall be transferred to the Fourth District of the Illinois Appellate Court. Additionally, AT&T's motion to dismiss this petition for review is not considered.

Appeal transferred.

The mandate shall issue forthwith.

GREIMAN and CUNNINGHAM, JJ., concur.